[Cite as *State v. Guiterres*, 2016-Ohio-5572.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0116** |
| GEORGE GUITERRES, a.k.a. "G", | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull Court of Common Pleas, Case No. 2013 CR 00417.

Judgment:  Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*George Guiterres*, pro se, PID: A653-284, Marion Correctional Institution, P. O. Box 57, 940 Marion-Williamsport Rd., Marion, OH  43302 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, George Guiterres, appeals the denial of his second motion for additional jail-time credit.  He contends that he is entitled to credit for the period he was held in the Trumbull County Jail on both the charges in the underlying state action and separate charges in a federal case.  For the following reasons, res judicata bars appellant from contesting the "credit" issue.

{¶2}    In February 2014, appellant pleaded guilty to eight counts of aggravated

drug trafficking and three counts of trafficking in heroin. After accepting the guilty plea, the trial court sentenced him to a mandatory prison term of three years on each count, to be served concurrently with each other and concurrently with the term in the federal case. As part of its final sentencing judgment, the trial court also ordered that appellant was entitled to seven days of jail-time credit, covering the period between his guilty plea and the imposition of sentence.

{¶3} Approximately one year after appellant began to serve his sentence, he moved the trial court for additional jail-time credit. Specifically, he requested 240 days of additional credit, covering the time period from June 2013 to February 2014 in which he was held in the county jail after being transferred from federal custody. Appellant's motion consisted of a pre-typed form that did not raise any specific argument in support. In response, the state asserted that appellant was not entitled to any credit for his days in the county jail because he was also being held on the pending federal charges during that time frame.

{¶4} On April 20, 2015, the trial court issued a judgment overruling appellant's first motion for additional credit. As the basis for its decision, the trial court stated that its examination of the record showed that appellant had already received the full amount of credit to which he was entitled.

{¶5} Appellant did not pursue a direct appeal from the April 20, 2015 judgment. Instead, on May 7, 2015, he filed a second motion for additional credit, again contesting the 240 days he was incarcerated in the county jail prior to his conviction. As part of his second motion, appellant maintained that, notwithstanding the pendency of the federal charges, he was still entitled to credit in the state case because: (1) he was not awarded

2

any credit for that time period under his federal sentence; and (2) the final judgment in his federal case provided that his federal sentence would run concurrently with his state sentence.

{¶6} In responding to the second motion, the state raised the same argument it had made in its first response. On June 9, 2015, the trial court issued a judgment denying appellant's second motion. This judgment contained the identical analysis that was stated in the judgment denying the first motion for additional credit.

{¶7} Appellant filed an appeal of the June 9, 2015 judgment. Initially, this court dismissed his appeal as untimely filed. *See State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0076, 2015-Ohio-4031. However, he then moved to bring a delayed appeal from the June 9, 2015 judgment, which we granted in January 2016. In contesting the denial of his second motion for additional jail-time credit, appellant raises one assignment of error for review:

{¶8} "The trial court committed error when it overruled [appellant's] motion for jail time credit, violating [his] rights under: *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856."

{¶9} Under this assignment, appellant repeats the argument which formed the basis of his second motion for additional jail-time credit. He asserts that, since his pre-conviction incarceration in the county jail was based upon the charges in both his state case and federal case, he must be granted credit for that entire period because the trial courts in both cases ordered that the respective prison terms be served concurrently. But, since the state trial court addressed the "credit" issue in a previous judgment that appellant did not appeal, this argument is barred by res judicata.

3

**{¶10}** Pursuant to that doctrine, "'[i]f a party fails to timely appeal a final order, matters that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals.' *State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, and 12CA954, 2013-Ohio-3747, ¶24. The applicability of res judicata is a question of law, which we determine independently. *State v. Tolliver*, 4th Dist. Athens No. 12CA36, 2013-Ohio-3861, ¶12." *State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶21.

**{¶11}** In cases in which the defendant has filed multiple postconviction motions for additional jail-time credit, this court has followed the doctrine to bar consideration of the issue in an appeal from the denial of the second motion. *State v. Kleiner*, 11th Dist. Geauga No. 2012-G-3077, 2012-Ohio-5933, ¶14; *State v. Caldwell*, 11th Dist. Lake No. 2004-L-173, 2005-Ohio-6149, ¶10. The basis for the holding is that, since the "credit" issue could have been fully litigated in a direct appeal from the trial court's ruling on the first motion, that ruling is considered final and binding for all purposes. *Kleiner*, at ¶14.

**{¶12}** In this case, both of appellant's motions for additional jail-time credit stated that he was entitled to 240 days of additional credit covering the period he was held in the county jail from June 2013 until February 2014. Although appellant's second motion raised a new argument as to why he was entitled to the credit, res judicata covers any point or argument that either was or *could have been raised* during the first proceeding on the issue. *Caldwell*, at ¶9, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337. 671 N.E.2d 233 (1996), syllabus. Therefore, in order to properly place the "credit" issue before this court for review, appellant was required to appeal the trial court's April 20, 2015 judgment, in which his first "credit" motion was overruled. Since this appeal is

4

from the June 8, 2015 judgment on the second motion for additional credit, res judicata bars consideration of appellant's sole assignment.

{¶13} Furthermore, even if res judicata did not apply, the state of the record also precludes review of appellant's credit argument. R.C. 2929.19(B)(2)(g)(iii) provides, in pertinent part:

{¶14} "The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at anytime after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay."

{¶15} This provision allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-4465, ¶9. Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing. *Id.* at ¶10.

{¶16} The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the

5

county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.

{¶17} The judgment of the trial court is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.