[Cite as *State v. Johnson* , 2017-Ohio-4213.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA26 |
| v. | : | |
| | | DECISION AND |
| RONALD G. JOHNSON, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED: 06/05/2017 |

APPEARANCES:

Ronald G. Johnson, Lebanon, Ohio, pro se appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Hoover, J.

{¶1} Defendant-appellant, Ronald Johnson, appeals the judgment of the Highland County Court of Common Pleas denying his motion for jail-time credit. On appeal, Johnson claims that the trial court erred in not awarding him an additional 455 days of jail-time credit for the time he was confined awaiting trial.

{¶2} Because Johnson failed to establish that the alleged error was not previously raised at sentencing, the trial court did not have jurisdiction to rule on the merits of the motion; as a result, the motion should have been dismissed.

{¶3} Therefore, we modify the judgment to reflect that the motion should have been dismissed for lack of jurisdiction and affirm the judgment of the trial court as modified.

**I. Facts and Procedural History**

{¶4} On April 11, 2006, a Highland County Grand Jury indicted Johnson on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. At the time Johnson was indicted, he was incarcerated at the London Correctional Institution for allegedly violating the terms of his parole.[1]

{¶5} On April 19, 2006, Johnson was transported to the Highland County Court of Common Pleas and arraigned on the charges.

{¶6} On June 28, 2007, pursuant to a negotiated plea agreement, Johnson pleaded guilty as charged; and in exchange for his plea, the State recommended that Johnson be sentenced to seven years on the aggravated robbery charge, four years on the burglary charge, and one year on the theft charge. It further recommended that his terms run concurrent to each other and to his "current incarceration for charges in 2006 in Fayette, Adams, and Montgomery counties." (Docket No. 73, p. 2) The trial court followed the State's recommendation and sentenced Johnson accordingly. It further awarded Johnson seven days of jail-time credit.

{¶7} Johnson's convictions and sentence were journalized by way of entry dated June 28, 2007.

{¶8} Between July 2011 and October 2016, Johnson filed several motions in the trial court alleging that it had erred in failing to award him 717 days of jail-time credit.

---

[1] Official records from the Ohio Department of Rehabilitation and Correction indicate that Johnson was convicted of voluntary manslaughter and having a weapon while under a disability in Montgomery County in June 2000. Unofficial records indicate that Johnson was paroled in March 2004 but re-incarcerated in July 2005 after allegedly violating the terms of his parole. Those same records indicate that Johnson was arraigned on charges in Fayette County in July 2005, November 2005, and March 2006 and arraigned on charges in Adams County in March 2006.

Specifically, he claimed he was arrested in connection with these offenses on July 10, 2005 but received no credit for time served between then and the date of his convictions. He added that he was held in prison awaiting trial because the county jail did not hold offenders who reoffended while on parole or post-release control.

{¶9}    The trial court denied all of Johnson's motions, noting at one point that Johnson was not entitled to credit for time served between July 10, 2005 and the date of his convictions because during that time he had been held on alleged parole violations—not the offenses of which he was convicted.

{¶10} On October 27, 2016, Johnson filed a boilerplate motion for jail-time credit. This time, however, he asked the trial court for 455 days of jail-time credit for time served between July 12, 2005 and October 13, 2006—the day his parole was revoked.

{¶11} On October 31, 2016, the trial court denied Johnson's motion. It explained,

> This Court has thoroughly considered all of [Johnson's] past motions and has denied his request for jail time credit beyond that already ordered in this case. He had an opportunity to appeal the decisions. Apparently, [Johnson] does not understand that repeatedly filing motions seeking this credit is not going to change the Court's position. Simply stated, "no" means no.

(Docket No. 105)

{¶12} It is from this judgment that Johnson timely appeals.

## II. Assignments of Error

{¶13} Johnson assigns the following errors for our review:

Assignment of Error No. I

Trial court errored [sic] in not crediting the days spent confined awaiting trial in a state prison.

Assignment of Error No. II

Trial court errored [sic] in not adhering to R.C. 2967.191 which requires the court to reduce the term of imprisonment by the total number of days confined for any reason arising out of the offense for which the prisoner is convicted and sentenced for.

Assignment of Error No. III

Ronald G. Johnsons [sic] United States Constitutional Amendment Rights have been violated by trial court not adhering to the state statutes R.C. 2967.191 Johnson's U.S. Const. Amend. Rights to Equal Protection have been violated by not receiving credit for confinement awaiting trial and committment [sic].

## III. Law and Analysis

{¶14} In his three assignments of error, Johnson claims that the trial court erred in failing to award him an additional 466 days of jail-time credit. Specifically, Johnson claims that he was arrested in connection with these offenses on July 10, 2005 but was not awarded jail-time credit for time served between then and October 13, 2006—the day his parole was revoked.

{¶15} In response, the State claims that Johnson is not entitled to any additional jail-time credit because he was being held on a valid parole holder from Montgomery County. It claims that the fact that the conduct supporting the parole holder led to the charges in this case is of no consequence because once a defendant is subject to a valid parole holder, he is not entitled to pre-trial confinement credit against the sentence he ultimately receives.

### A. Standard of Review

{¶16}  An appellate court may modify or vacate a sentence and remand for re-sentencing if it clearly and convincingly finds (1) the record does not support the trial court's findings, or (2) the sentence is contrary to law. R.C. 2953.08(G)(2). *See also State v. Farnese,* 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 6; *State v. Robinson,* 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 36; *State v. Edwards,* 4th Dist. Ross Nos. 14CA3424, 14CA3425, 2015-Ohio-2140, ¶ 18.

### B. Statutes Governing Jail-Time Credit

{¶17}  R.C. 2967.191 provides,

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code * * * .

{¶18}  R.C. 2929.19(B)(2)(g)(i) provides,

Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

\* \* \*

Determine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶19} The statute further provides,

The sentencing court retains continuing jurisdiction to correct any error *not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

(Emphasis added.) R.C. 2929.19(B)(2)(g)(iii).

### C. Johnson Failed to Establish That the Alleged Error Was Not Previously Raised at Sentencing

{¶20}  Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12. However, a defendant still has the burden of establishing that the alleged error was not previously raised at sentencing. *State v. Smith*, 10th Dist. Franklin Nos. 15AP–209, 15AP–214, 2015-Ohio-4465, ¶ 10. The best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.

{¶21}  Here, Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing. Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). *Accord State v. Thompson*, 147 Ohio St.3d 2959, 2016-Ohio-2769, N.E.3d 1266, ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.

### III. Conclusion

{¶22} Because Johnson failed to establish that the alleged error was not previously raised at sentencing, the trial court did not have jurisdiction to rule on the merits of the motion; as a result, the trial court should have dismissed Johnson's motion. Therefore, we modify the judgment to reflect that the motion should have been dismissed for lack of jurisdiction and affirm the judgment of the trial court as modified.

JUDGMENT AFFIRMED AS MODIFIED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED AS MODIFIED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
Marie Hoover, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**