[Cite as *State v. Gibson*, 2017-Ohio-7254.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-200 |
| v. | : | (C.P.C. No. 15CR-5417) |
| Daniel R. Gibson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 17, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Timothy Young,* Ohio Public Defender, and *Terrence K. Scott,* for appellant. **Argued:** *Terrence K. Scott.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Daniel R. Gibson, appeals a decision of the Franklin County Court of Common Pleas issued on February 17, 2017 denying his motion for recalculation of jail-time credit. Because Gibson's motion did state facts, amounting to an assertion that he had not previously raised in his claim regarding jail-time credit, the trial court erred in deciding that Gibson's motion was not filed pursuant to R.C. 2929.19(B)(2)(g)(iii). For this reason, we reverse.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 3, 2015, a Franklin County Grand Jury indicted Gibson for two counts of robbery, one count of kidnapping, one count of attempted rape, and one count of gross sexual imposition. (Nov. 3, 2015 Indictment.) Gibson initially pled not guilty to all charges. (Nov. 6, 2015 Plea Form.) But approximately six months later, he

agreed to plead guilty to one count of fourth-degree felony aggravated assault in exchange for dismissal of the other charges. (May 17, 2016 Entry of Guilty Plea.)

{¶ 3} The trial court held a sentencing hearing on October 25, 2016. (Oct. 25, 2016 Sentencing Sheet.) However, a transcript of that hearing was not ordered and is not in the record. Following that hearing, on October 31, 2016, the trial court entered judgment sentencing Gibson to 16 months in prison and awarding him 49 days of jail credit. (Oct. 31, 2016 Jgmt. Entry at 1-2.) Gibson did not file a direct appeal.

{¶ 4} Approximately one and one-half month later, Gibson filed a pro se motion for jail-time credit using a fill-in-the-blank form. (Dec. 15, 2016 Mot. for Jail Time Credit.) The form indicated the trial court's continuing jurisdiction to "correct any error in its determination of jail-time credit *not previously raised at sentencing*," and using the form, Gibson alleged that only after he was "delivered into state custody" (i.e., post sentencing) on November 4, 2016 did he learn that he received what he believed to be an incorrect determination of jail-time credit. (Emphasis added.) *Id.* at 1-2. The motion set forth specific dates during which Gibson was allegedly held in connection with the offense for which he pled guilty. *Id.* at 1. Gibson ultimately sought a total of 294 days of jail-time credit. *Id.* at 2.

{¶ 5} On February 17, 2017 the trial court declined to consider Gibson's motion. (Feb. 17, 2017 Jgmt. Entry at 1-2.) It found that Gibson's motion was barred by res judicata and that R.C. 2929.19(B)(2)(g)(iii), which can remove such motions from the reach of res judicata, was inapplicable because that provision only applies to "error[s] not previously raised at sentencing" and that Gibson had not "alleged that any such error failed to be raised at sentencing." *Id.*

{¶ 6} Gibson now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 7} Gibson asserts a single assignment of error for review:

> The trial court abused its discretion and denied Daniel Gibson Due Process and Equal Protection of the law when it failed to consider the merits of his motion for jail-time credit, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and R.C. 2929.19(B)(2)(g)(iii).

## III.  DISCUSSION

{¶ 8}   In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment."  *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92.  "Stated differently, in criminal cases *res judicata* may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated."  (Emphasis sic.)  *State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 9.  This is distinct from civil cases in which "[i]ssue preclusion does not apply to other matters that might have been litigated but were not."  *State ex rel. Davis v. Public Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, ¶ 31 (10th Dist.).  There are, however, exceptions to the reach of res judicata in criminal cases.

{¶ 9}   One such exception exists in state statute:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [regarding jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [regarding jail-time credit], and the court may in its discretion grant or deny that motion. * * * Sections [governing petitions for postconviction relief and motions for new trials] do not apply to a motion made under this section.

R.C. 2929.19(B)(2)(g)(iii); *see State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11-12 (recognizing that prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), a motion to correct jail-time credit would be bared by res judicata if the issue were not raised on direct appeal and that R.C. 2929.19(B)(2)(g)(iii) changed that by creating a new right).  Thus, if R.C. 2929.19(B)(2)(g)(iii) applies to Gibson's motion, the trial court should not have refused to hear it on res judicata grounds.

{¶ 10} The State argues that Gibson's motion is not addressed by R.C. 2929.19(B)(2)(g)(iii) because it does not assert that he seeks to correct a jail-time credit "error not previously raised at sentencing" and no transcript was ordered to allow the trial court to determine whether the issue was previously raised or not.  (State Brief at 3.)  Essentially, the State argues that R.C. 2929.19(B)(2)(g)(iii) requires Gibson not only to

raise the error, but to prove it by supplying a transcript with his motion.[1]  We find no basis for this in the language of the statute.  The State would have us interpret the statute so as to create a presumption that such error *had* been raised at sentencing unless a defendant can produce a transcript that proves otherwise, or else res judicata bars relief.  This is not what the statute requires.  According to the statute, the operative action Gibson was required to take was to "file a motion." R.C. 2929.19(B)(2)(g)(iii).  And while the statute also includes language that the purpose of the motion is "to correct any error made in making a determination" of jail-time credit, it is the trial court that makes the determination on a criminal defendant's allegation made by motion.  *Id.*

{¶ 11}  Nor does Crim.R. 47 require a transcript to be filed.  Instead, Crim.R. 47 requires that Gibson's motion be stated with particularity and that such motion *may* be supported by affidavit.  To review, Gibson, by written motion, alleged that it was only after Gibson was "delivered into state custody" on November 4, 2016 that he learned he had received an incorrect computation of jail-time credit.  (Dec. 15, 2016 Mot. for Jail Time Credit at 1.)  Gibson's sentencing hearing took place on October 25, 2016, and the trial court on October 31, 2016 entered judgment in the record that contained a written recitation of Gibson's sentence and a calculation and award of 49 days of jail credit.  (Oct. 25, 2016 Sentencing Sheet; Oct. 31, 2016 Jgmt. Entry at 1-2.)  November 4 is after both of those dates.  Gibson has stated plainly on the face of the motion that he was unaware of the potential problem in his jail-time credit until November 4, 2016 and that it was not raised "at sentencing," which had occurred on October 25.  R.C. 2929.19(B)(2)(g)(iii).

{¶ 12}  The trial court denied Gibson's motion, stating that he had not alleged in his motion that the problem with his jail-time credit was not raised at sentencing.  Yet, Gibson had stated very plainly in his motion that the problem with his jail-time credit had not been raised at sentencing.  No transcript was needed to discern this.

{¶ 13}  We have previously concluded that only when the issue is raised at sentencing does res judicata apply.  *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465, ¶ 9.  Gibson alleges that the issue was not raised at sentencing.  In *Smith*, we differentiated between whether the error was characterized in the motion as

---

[1]  It is conceivable that the State could have provided a transcript or portion thereof with its memorandum opposing Gibson's motion for jail-time credit.  It did not do so and instead argues that Gibson should have.

"mathematical or clerical error" or based on "a legal entitlement," supplying additional analysis beyond the plain language of the statute.  But Gibson's case differs from that of *Smith.*  He simply sought to avail himself of the court's continuing jurisdiction to "correct any error in its determination of jail-time credit not previously raised at sentencing."  R.C. 2929.19(B)(2)(g)(iii).  And the statute does not differentiate between types of alleged errors as addressed in *Smith.*

{¶ 14}  R.C. 2929.19(B)(2)(g)(iii) applies based on the face of the motion.  The trial court erred in finding that Gibson had failed to allege that the claimed error in his jail-time credit was not raised at sentencing.  We further hold that the trial court erred as a matter of law in rejecting on res judicata grounds the merits of Gibson's motion for additional jail-time credit.  Gibson's assignment of error is sustained.

## IV.  CONCLUSION

{¶ 15}  Because the face of Gibson's motion for jail-time credit contains the assertion that he did not learn of the alleged error in jail-time credit until after sentencing, and no material in the record contradicts that assertion, it was error for the trial court to have concluded that R.C. 2929.19(B)(2)(g)(iii) was inapplicable.  Hence, it was also error for the trial court to have dismissed Gibson's motion on res judicata grounds.  The judgment of the Franklin County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

*Judgment reversed and remanded.*

TYACK, P.J., concurs
SADLER, J., dissents.

SADLER, J., dissenting.

{¶ 16}  I do not believe that the trial court erred when it denied appellant's motion for jail-time credit.  Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the trial court.  Because the majority does not, I respectfully dissent.

{¶ 17}  R.C. 2929.19(B)(2)(g)(iii) provides that a "sentencing court retains continuing jurisdiction to correct any error *not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section."  (Emphasis added.)  In my view,  the  trial  court  did  not  have  jurisdiction  to  consider  Gibson's  R.C.

2929.19(B)(2)(g)(iii) motion for jail-time credit because he failed to provide the trial court with a transcript of the sentencing hearing or any other evidence establishing that the jail-time credit issue was not considered at sentencing.

{¶ 18} The trial court's judgment entry awards 49 days of jail-time credit. Gibson claims that he is entitled to an additional 237 days of jail-time credit. In reversing the trial court judgment denying Gibson's motion for jail-time credit, the majority concludes that "[b]ecause the face of Gibson's motion for jail-time credit contains the assertion that he did not learn of the alleged error in jail-time credit until after sentencing, and no material in the record contradicts that assertion, it was error for the trial court to have concluded that R.C. 2929.19(B)(2)(g)(iii) was inapplicable." (Majority Decision at ¶ 15.) In my view, the majority decision conflicts with this court's prior decision in *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465. In that case, we addressed the movant's burden of going forward on a motion for jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), as follows:

> As the movant, it was appellant's burden to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata. Therefore, it was appellant's burden to establish that the alleged error was not addressed at sentencing. R.C. 2929.19(B)(2)(g)(iii). Appellant failed to demonstrate that the issue was not raised at sentencing. Therefore, appellant failed to meet his burden. We cannot conclude that R.C. 2929.19(B)(2)(g)(iii) applies to appellant's motion. Accordingly, res judicata bars his claim for additional jail-time credit. [*State v.*] *Inboden* [10th Dist. No. 14AP-312, 2014-Ohio-5762] at ¶ 11 (res judicata applies to bar legal claim for additional credit, as opposed to a claimed mathematical or clerical error).[2]

*Id.* at ¶ 10.

{¶ 19} In denying appellant's motion for jail-time credit in *Smith*, we noted that the "motion for jail-time credit only contains conclusory allegations concerning the amount of time he spent in jail in two cases. The attachments to the motion indicate dates of arrests in these cases but not the amount of time spent in jail. Given the lack of

---

[2] *Inboden* was legislatively nullified, in part, by the 2012 amendment to R.C. 2929.19(B)(2)(g)(iii). As amended, R.C. 2929.19(B)(2)(g)(iii) vests a trial court with continuing jurisdiction to review "any" jail-time credit error not previously raised at sentencing, regardless whether the alleged error is legal or mathematical in nature. The amendment does not affect the movant's burden of proof.

evidence to support his motion, we concluded that appellant has not demonstrated that the trial court abused its discretion by denying his motion for jail-time credit." *Id.* at ¶ 14.

{¶ 20} At least two other appellate districts have reached the same conclusion regarding the burden of going forward under R.C. 2929.19(B)(2)(g)(iii). In *State v. Johnson,* 4th Dist. No. 16CA26, 2017-Ohio-4213, the Fourth District Court of Appeals, citing this court's decision in *Smith,* ruled as follows:

> Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12. However, a defendant still has the burden of establishing that the alleged error was not previously raised at sentencing. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209, 15AP-214, 2015-Ohio-4465, ¶ 10. The best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.
>
> Here, Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing. Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). Accord *State v. Thompson*, [147 Ohio St.3d 29, 2016-Ohio-2769,] ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.

*Johnson* at ¶ 20-21.

{¶ 21} In *Johnson*, the court determined that the moving party's failure to produce evidence that the alleged error in jail-time credit was not considered at sentencing deprived the trial court of jurisdiction of the motion. *Id.* In *State v. Guiterres*, 11th Dist. No. 2015-T-0116, 2016-Ohio-5572, the Eleventh District Court of Appeals, also citing this court's decision in *Smith*, reached the same conclusion:

> [R.C. 2929.19(B)(2)(g)(iii)] allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it

cannot be asserted again in a motion for additional credit. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-4465, ¶9. Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing. *Id.* at ¶10.

The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.

*Guiterres* at ¶ 15-16.

{¶ 22} Here, appellant submitted a pre-printed form in which he indicates that he was held in the custody of Franklin County for a total of 294 days during two separate periods of confinement. Appellant alleges that he is entitled to an additional 237 days of jail-time credit. Appellant has not attached any evidentiary materials to his motion either to support his unsworn assertion that the sentencing court did not consider credit for these days of confinement or to prove that these days of confinement are "arising out of the offense for which [he] was convicted and sentenced." R.C. 2929.19(B)(2)(g)(i).

{¶ 23} I cannot agree with the majority that the mere assertion by Gibson that he did not "learn of" the alleged jail-time credit error until after sentencing constitutes evidence that the issue was not raised at the time of sentencing. (Majority Decision at ¶ 15.) Nor can I agree that the mere citation in Gibson's motion to R.C. 2929.19(B)(2)(g)(iii) constitutes either an assertion or evidence that the sentencing error at issue was not raised at sentencing. (Majority Decision at ¶ 14-15.) In so holding, the majority decision impermissibly shifts the burden from Gibson proving that the alleged jail-time credit error was not considered at sentencing to the state to prove that the trial court did consider the particular jail-time credit issue at sentencing. No other Ohio authority supports such an interpretation of the statutory language, and it is contrary to our prior holding in *Smith*.

{¶ 24} Under *Johnson*, *Guiterres*, and this court's decision in *Smith*, the burden is on the movant to produce evidence that the jail-time credit issue was not raised at sentencing. Because appellant did not file a transcript of the sentencing hearing or any

other evidence establishing that the jail-time credit issue was not raised at sentencing, the trial court was without jurisdiction to consider the motion. *Johnson*; *Guiterres*.

{¶ 25} For the foregoing reasons, I would hold that the trial court did not err when it denied appellant's motion for jail-time credit. Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.

———————————