BRUNNER, J.
 

 I. INTRODUCTION
 

 {¶ 1} On August 17, 2017, this Court issued a decision reversing the Franklin County Court of Common Pleas' judgment that denied defendant-appellant's, Daniel R. Gibson, motion for recalculation of jail-time credit.
 
 State v. Gibson
 
 ,
 
 2017-Ohio-7254
 
 ,
 
 96 N.E.3d 919
 
 . The common pleas court found in denying Gibson's motion that he had "not alleged" that the jail-time credit error had not been raised at sentencing so as to avail himself of a statutory postconviction motion authorized by R.C. 2929.19(B)(2)(g)(iii). (Feb. 17, 2017 Jgmt. Entry at 2.) Because Gibson did state facts in his motion to recalculate his jail-time credit that amounted to an assertion that he had not previously raised his claim, we concluded by a 2 to 1 majority that the trial court had erred in deciding that R.C. 2929.19(B)(2)(g)(iii) could not and did not apply to Gibson's motion.
 
 Gibson
 
 at ¶ 11-12. For that reason, we reversed. The plaintiff-appellee, State of Ohio, now asks that we consider the matter en banc based on an alleged conflict with
 
 State v. Smith
 
 , 10th Dist. No. 15AP-209,
 
 2015-Ohio-4465
 
 ,
 
 2015 WL 6459961
 
 , and certify the matter to the Supreme Court of Ohio based on alleged conflicts with
 
 State v. Johnson
 
 , 4th Dist. No. 16CA26,
 
 2017-Ohio-4213
 
 ,
 
 2017 WL 2537581
 
 , and
 
 State v. Guiterres
 
 , 11th Dist. No. 2015-T-0116,
 
 2016-Ohio-5572
 
 ,
 
 2016 WL 4586262
 
 .
 

 {¶ 2} We address in a separate decision whether en banc consideration is warranted or required, but we also discuss
 
 Smith
 
 in this decision because
 
 Smith
 
 is the case on which both
 
 Johnson
 
 and
 
 Guiterres
 
 rely for their holdings alleged to be in conflict with our decision in
 
 Gibson
 
 .
 

 II. DISCUSSION
 

 {¶ 3} The Supreme Court has explained:
 

 [A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must
 be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.
 

 Whitelock v. Gilbane Bldg. Co.
 
 ,
 
 66 Ohio St. 3d 594
 
 , 596,
 
 613 N.E.2d 1032
 
 (1993).
 

 {¶ 4} In
 
 Gibson
 
 , we reviewed a decision of the Franklin County Common Pleas Court by which the trial court found that Gibson had not alleged that the problem he perceived with his jail-time credit had not been raised at sentencing (which he did allege in his application) and that he was barred from the trial court's consideration of his motion by the doctrine of res judicata. The State argued, and the dissent agreed, that Gibson was required to ab initio submit evidence with his motion for jail-time credit proving that his motion was not barred by res judicata. (Aug. 28, 2017 Mot. for En Banc & to Certify at 5-11.) Specifically, we said:
 

 [T]he State argues that R.C. 2929.19(B)(2)(g)(iii) requires Gibson not only to raise the error, but to prove it by supplying a transcript with his motion.[fn. 1] We find no basis for this in the language of the statute. The State would have us interpret the statute so as to create a presumption that such error had been raised at sentencing unless a defendant can produce a transcript that proves otherwise, or else res judicata bars relief. This is not what the statute requires.
 

 [fn. 1] It is conceivable that the State could have provided a transcript or portion thereof with its memorandum opposing Gibson's motion for jail-time credit. It did not do so and instead argues that Gibson should have.
 

 Gibson
 
 at ¶ 10. Following the suggestion raised in the dissenting opinion in
 
 Gibson,
 
 the State now argues that
 
 Gibson
 
 conflicts with
 
 Guiterres
 
 and
 
 Johnson
 
 in that both adhere to the principle (originally set forth in
 
 Smith
 
 ) that the defendant-movant has the burden of establishing that the alleged jail-time credit error was not previously raised at sentencing.
 
 Johnson
 
 at ¶ 20, citing
 
 Smith
 
 at ¶ 10 ;
 
 Guiterres
 
 at ¶ 15, citing
 
 Smith
 
 at ¶ 10. That principle of law from
 
 Smith
 
 is correct.
 
 Smith
 
 at ¶ 10. But to apply it as the State, the dissent in
 
 Gibson
 
 , and now the dissent herein suggests-to require the filing of a transcript ab initio with the motion pursuant to R.C. 2929.19(B)(2)(g)(iii) -is too simplistic an application of
 
 Smith
 
 and is inconsistent with both the statute and case law.
 
 Smith
 
 does not even address that a movant must conclusively rebut res judicata before it is affirmatively raised by the State, only that entitlement to relief must be established.
 
 [1]
 

 {¶ 5} In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she
 
 raised or could have raised
 
 the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.)
 
 State v. Jackson
 
 ,
 
 141 Ohio St.3d 171
 
 ,
 
 2014-Ohio-3707
 
 ,
 
 23 N.E.3d 1023
 
 , ¶ 92. Res judicata is not specifically addressed in the Ohio Rules of Criminal Procedure. Thus, to properly assert a claim of res judicata in criminal cases, Crim.R. 57(B) instructs the parties and the courts to "look to the rules of civil procedure and to the applicable law."
 

 {¶ 6} Rule 8(C) of the Ohio Rules of Civil Procedure classifies "res judicata" as an "affirmative defense." Ohio criminal case law is consistent with this designation.
 
 State v. Lelux
 
 , 10th Dist. No. 97APA10-1308,
 
 1998 WL 303884
 
 , *2 (June 11, 1998) ;
 
 see also, e.g.
 
 ,
 
 State v. Williams
 
 , 8th Dist. No. 103144,
 
 2016-Ohio-2629
 
 ,
 
 2016 WL 1593159
 
 , ¶ 9. Moreover, in Ohio civil case law, the Supreme Court has held that "[i]t is not proper for a court to grant a motion to dismiss based on res judicata, because res judicata is an affirmative defense, and because resolution of a res judicata defense typically requires resort to materials outside the pleadings." (Citations omitted.)
 
 State ex rel. West v. McDonnell
 
 ,
 
 139 Ohio St.3d 115
 
 ,
 
 2014-Ohio-1562
 
 ,
 
 9 N.E.3d 1025
 
 , ¶ 16. The party asserting res judicata must demonstrate that this affirmative defense is apropos, and this is generally established by reference to materials outside the pleadings.
 

 It is well-settled that
 
 res judicata
 
 is an affirmative defense, which must be raised in a defendant's answer or be deemed waived. Civ.R. 8(C) ;
 
 see, also
 
 ,
 
 State ex rel. Freeman v. Morris
 
 (1991),
 
 62 Ohio St. 3d 107
 
 , 109,
 
 579 N.E.2d 702
 
 ;
 
 Star Bank, N.A., Cincinnati v. Management Technologies, Inc.
 
 (1990),
 
 69 Ohio App. 3d 147
 
 , 149,
 
 590 N.E.2d 298
 
 . It is equally well settled that the defense of
 
 res judicata
 
 , may not be raised by a motion to dismiss pursuant Civ.R. 12(B).
 
 Freeman, supra
 
 .
 

 (Emphasis sic.)
 
 Guess v. Wilkinson
 
 ,
 
 123 Ohio App.3d 430
 
 , 434,
 
 704 N.E.2d 328
 
 (10th Dist.1997).
 

 {¶ 7} While res judicata often applies to motions to correct jail-time credit,
 
 Smith
 
 at ¶ 7, the statutory exception does not
 
 assume
 
 that it does:
 

 The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [regarding jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [regarding jail-time credit], and the court may in its discretion grant or deny that motion.
 

 R.C. 2929.19(B)(2)(g)(iii).
 
 Smith
 
 ,
 
 Guiterres
 
 , and
 
 Johnson
 
 all stand for the proposition that it is the defendant-movant's burden to demonstrate an entitlement to the statutory application of R.C. 2929.19(B)(2)(g)(iii).
 
 Johnson
 
 at ¶ 20, citing
 
 Smith
 
 at ¶ 10 ;
 
 Guiterres
 
 at ¶ 15, citing
 
 Smith
 
 at ¶ 10.
 

 {¶ 8} R.C. 2929.19(B)(2)(g)(iii)'s requirement of "any error not previously raised at sentencing" does not establish any presumption that res judicata otherwise applies and that a movant must prove with evidence such as a transcript at the outset that it does not. The statute does not by any reading change the State's burden to demonstrate that the affirmative defense of res judicata bars relief. If and when that burden is satisfied, it becomes the movant's burden, as we stated in
 
 Smith
 
 , "to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata."
 
 Smith
 
 at ¶ 10. Simply put, the State bears the burden to demonstrate that res judicata applies before a movant has to prove that it does not apply. In Gibson's case, the State raised res judicata and was required to affirmatively show that Gibson "
 
 raised or could have raised
 
 the issue" of jail-time credit at sentencing. (Emphasis sic.)
 
 Jackson
 
 at ¶ 92. This likely would require a transcript-not supplied by Gibson according to judicial fiat as the State would suggest, but rather, supplied by the State to prove its affirmative defense raised. Gibson was not required to prove a negative, since an "affirmative" defense requires action by the one asserting it.
 

 Id.
 

 {¶ 9} Our holding in
 
 Gibson
 
 is consistent with our holding in
 
 Smith
 
 , which only
 considered "the [movant]'s burden to demonstrate" an entitlement to the statutory exception after already concluding that absent such an exception, res judicata would apply.
 
 Compare
 

 Smith
 
 at ¶ 7
 
 with
 

 id.
 
 at ¶ 10. Though in
 
 Smith
 
 we also discussed the "lack of evidence to support [Smith's] motion," we did so in the context of evaluating the substantive merits of Smith's request for additional jail-time credit.
 
 Smith
 
 at ¶ 14.
 

 {¶ 10} In
 
 Gibson
 
 , the trial court dismissed the motion of Gibson's alleged failure to even make the allegation in his motion that the issue of jail-time credit was not previously raised.
 
 [2]
 
 The trial court also found Gibson's motion to be barred by the doctrine of res judicata-with no reference to a transcript. The fundamental disagreement of the panel in our review of
 
 Gibson
 
 seems to be whether there is a presumption of res judicata in applying R.C. 2929.19(B)(2)(g)(iii) and/or who must supply the transcript to support his position-the movant or the responding party.
 

 {¶ 11} At no point in our decision in
 
 Smith
 
 did we hold that a movant must submit evidence with his motion in anticipation that the nonmoving party may assert and properly support an affirmative defense of res judicata.
 
 Id.
 
 in passim. And while R.C. 2929.19(B)(2)(g)(iii) seems to contemplate the application of res judicata, it does not by its terms require the movant, ab initio, to submit evidence to show that res judicata does not apply. Gibson stated in his motion that he was filing pursuant to R.C. 2929.19(B)(2)(g)(iii). Crim.R. 47 requires that a motion "shall state with particularity the grounds upon which it is made[,] * * * set forth the relief or order sought[, and include] a memorandum containing citations of authority."
 

 {¶ 12} Like the
 
 Smith
 
 case on which they rely, neither appellate court in
 
 Guiterres
 
 nor
 
 Johnson
 
 discusses the principal of law that the party asserting the affirmative defense of res judicata carries the burden to establish it, usually requiring materials such as a transcript that are not part of the original motion documents or pleadings. And neither
 
 Guiterres
 
 nor
 
 Johnson
 
 adopts the presumption (sought by the State in
 
 Gibson
 
 ) that jail-time credit errors can be presumed to have been raised at sentencing unless a defendant can produce a transcript that proves otherwise.
 
 Johnson
 
 at ¶ 20, citing
 
 Smith
 
 at ¶ 10 ;
 
 Guiterres
 
 at ¶ 15, citing
 
 Smith
 
 at ¶ 10.
 
 See also
 

 Gibson
 
 at ¶ 10.
 
 Guiterres
 
 and
 
 Johnson
 
 are consistent with
 
 Smith
 
 and they are not in conflict with
 
 Gibson
 
 . In
 
 Gibson
 
 , we simply recognized that before a movant has the burden of showing a statutory exception from res judicata, i.e., that his motion for recalculation of jail-time credit has merit, the party asserting res judicata must demonstrate that the defense applies.
 
 Id.
 

 {¶ 13} We note also that in
 
 Guiterres
 
 and
 
 Johnson
 
 both criminal defendants had previously filed motions for jail-time credit and not appealed the denial of such motions.
 
 Johnson
 
 at ¶ 8-11 ;
 
 Guiterres
 
 at ¶ 3-7. Res judicata applied for reasons independent of what the trial court held in
 
 Gibson,
 
 because they had previously been filed, litigated, denied on the merits, and not appealed in the first instance.
 
 Johnson
 
 at ¶ 8-11 ;
 
 Guiterres
 
 at ¶ 3-7 ;
 
 see
 

 Jackson
 
 at ¶ 92. The issue and application of res judicata in
 
 Guiterres
 
 and
 
 Johnson
 
 is not synonymous with its issue and application in
 
 Gibson
 
 .
 

 III. CONCLUSION
 

 {¶ 14}
 
 Guiterres
 
 and
 
 Johnson
 
 do not conflict with
 
 Gibson.
 
 The movant seeking
 jail-time credit has the burden to show an exemption from res judicata under R.C. 2929.19(B)(2)(g)(iii) if res judicata has first been raised and applies. Generally, this requires reference to documents beyond the motion, such as a transcript of the previous sentencing hearing.
 
 Gibson
 
 rests on the proposition that if the State asserts the affirmative defense of res judicata, it first must demonstrate that the affirmative defense of res judicata applies before a movant is required to submit evidence or demonstrate entitlement to jail-time credit recalculation pursuant to R.C. 2929.19(B)(2)(g)(iii). In
 
 Gibson
 
 , we declined to create a presumption that res judicata applies under R.C. 2929.19(B)(2)(g)(iii), and neither
 
 Guiterres
 
 nor
 
 Johnson
 
 is in conflict with
 
 Gibson
 
 on this proposition of law. Further,
 
 Guiterres
 
 and
 
 Johnson
 
 involve analyses of res judicata concerning previously filed motions for jail-time credit correction that were not appealed. As such, they are separate from and independent of the legal questions at issue in
 
 Gibson
 
 concerning presumption of res judicata and when a transcript must be submitted as evidence in a proceeding pursuant to R.C. 2929.19(B)(2)(g)(iii), and we declined to require submission of a transcript ab initio with a motion filed pursuant to this statute. Accordingly, the motion to certify a conflict is hereby denied.
 

 Motion to certify a conflict denied.
 

 TYACK, P.J., concurs.
 

 SADLER, J., dissents.
 

 Consider the situation where the State agrees with the movant that jail-time credit should be corrected and does not raise the affirmative defense of res judicata. To require the filing of a transcript even when the affirmative defense of res judicata is not raised could not be required under any interpretation of the law.
 

 The dissent herein does not address this problem.