SADLER, J., dissenting.
 

 {¶ 15} Because I believe that the majority decision in
 
 State v. Gibson
 
 ,
 
 2017-Ohio-7254
 
 ,
 
 96 N.E.3d 919
 
 , is in conflict with the decision of the Fourth District Court of Appeals in
 
 State v. Johnson
 
 , 4th Dist. No. 16CA26,
 
 2017-Ohio-4213
 
 ,
 
 2017 WL 2537581
 
 , and the Eleventh District Court of Appeals in
 
 State v. Guiterres
 
 , 11th Dist. No. 2015-T-0116,
 
 2016-Ohio-5572
 
 ,
 
 2016 WL 4586262
 
 , I would grant the state's motion to certify a conflict. Because the majority does not, I respectfully dissent from the majority decision.
 

 {¶ 16} Pursuant to App.R. 25, the state has moved this court to certify the following question to the Supreme Court of Ohio:
 

 Does R.C. 2929.19(B)(2)(g)(iii) require a defendant to prove with a transcript of the sentencing hearing or other evidence that the alleged jail-time credit issue was not "previously raised at sentencing," or is a defendant's mere assertion that he or she did not learn of the alleged jail-time credit error until after sentencing sufficient to overcome res judicata and grant a trial court jurisdiction under R.C. 2929.19(B)(2)(g)(iii) ?
 

 (Application for En Banc Consideration and Mot. to Certify Conflict at 17.)
 

 {¶ 17} For the reasons expressed in my dissent in
 
 Gibson
 
 and for the additional reasons set forth herein, I find that the majority decision in
 
 Gibson
 
 conflicts with
 
 Johnson
 
 and
 
 Guiterres
 
 in regard to the question on which the state now seeks certification. I decline to address the conflict between
 
 Gibson
 
 and
 
 Smith
 
 in this dissent because that particular conflict will be the subject of a separate decision.
 

 A. The Fourth District in
 
 State v. Johnson
 

 {¶ 18} In
 
 Johnson
 
 , the trial court had determined that res judicata barred defendant-appellant's motion for jail-time credit. Defendant-appellant appealed that decision to the Fourth District Court of Appeals. The Fourth District Court of Appeals ruled as follows:
 

 Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing.
 

 State v. Copas
 
 ,
 
 2015-Ohio-5362
 
 ,
 
 49 N.E.3d 755
 
 , ¶ 12. However,
 
 a defendant still has the burden of establishing that the alleged error was not previously raised at sentencing
 
 .
 
 State v. Smith
 
 , 10th Dist. Franklin Nos. 15AP-209,
 
 2015-Ohio-4465
 
 [
 
 2015 WL 6459961
 
 ], ¶ 10. The best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.
 

 Here,
 
 Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing
 
 . Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). Accord State v. Thompson,
 
 147 Ohio St.3d 29
 
 ,
 
 2016-Ohio-2769
 
 , [59] N.E.3d [1264] 1266, ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.
 

 (Emphasis added.)
 
 Id.
 
 at ¶ 20-21.
 

 {¶ 19} In
 
 Johnson
 
 , the Fourth District determined that the moving party's failure to "
 
 attach any evidence
 
 establishing that his claim was not considered by the trial court at * * * sentencing" deprived the trial court of jurisdiction of the motion. (Emphasis added.)
 
 Id.
 
 at ¶ 21. Thus,
 
 Johnson
 
 stands for the proposition that for purposes of establishing the trial court's continuing jurisdiction of jail-time credit, R.C. 2929.19(B)(2)(g)(iii) requires the movant to produce evidence with the motion establishing that the alleged error in jail-time credit was not "previously raised at sentencing." As such, the holding of the Fourth District is in direct conflict with the holding of the majority in
 
 Gibson
 
 .
 

 {¶ 20} The conflict with the majority decision in
 
 Gibson
 
 is further evidenced by the
 
 Johnson
 
 court's rejection of the trial court's application of res judicata. The Fourth District modified the trial court judgment as follows:
 

 Because Johnson failed to establish that the alleged error was not previously raised at sentencing, the trial court did not have jurisdiction to rule on the merits of the motion; as a result, the trial court should have dismissed Johnson's motion. Therefore, we modify the judgment to reflect that the motion should have been dismissed for lack of jurisdiction and affirm the judgment of the trial court as modified.
 

 Id.
 
 at ¶ 22.
 

 {¶ 21} The
 
 Johnson
 
 court's modification of the trial court's judgment is a clear rejection of the majority's contention that the state, in order to assert the affirmative defense of res judicata, has the initial burden to produce evidence that the jail-time credit issue was raised at sentencing. The
 
 Johnson
 
 court makes clear that in order for the moving party to establish the trial court's continuing jurisdiction, the moving party must produce evidence that the alleged error in jail-time credit was "not previously raised at sentencing."
 
 Id.
 
 Under R.C. 2929.19(B)(2)(g)(iii), the threshold issue is trial court jurisdiction, not res judicata.
 

 B. Eleventh District Court of Appeals in
 
 State v. Guiterres
 

 {¶ 22} In
 
 Guiterres
 
 , the Eleventh District Court of Appeals, in affirming the trial court's denial of defendant-appellant's motion for jail-time credit, reached the following conclusion regarding the movant's burden of production:
 

 [ R.C. 2929.19(B)(2)(g)(iii) ] allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion,
 but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit.
 
 State v. Smith
 
 , 10th Dist. Franklin Nos. 15AP-209 and 15AP-214,
 
 2015-Ohio-4465
 
 [
 
 2015 WL 6459961
 
 ], ¶ 9.
 
 Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing
 
 .
 
 Id.
 
 at ¶ 10.
 

 The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.
 

 (Emphasis added.)
 
 Id.
 
 at ¶ 15-16.
 

 {¶ 23} Pursuant to
 
 Guiterres,
 
 the initial burden of producing evidence that the alleged error in jail-time credit was not raised at sentencing is placed squarely on the movant. If the
 
 Guiterres
 
 court believed that the state had the initial burden to produce evidence that the alleged error in jail-time credit was previously raised at sentencing, the court would not have affirmed the denial of the motion on the basis that "[t]he record before this court does not have a transcript of the sentencing hearing."
 
 Id.
 
 at ¶ 16. If the burden of production was on the state, the absence of such evidence would not justify denial of the motion for jail-time credit. Accordingly, I find that the rule of law applied by the Fourth District in
 
 Guiterres
 
 conflicts with the rule of law adopted by the majority in
 
 Gibson
 
 .
 

 {¶ 24} In denying the motion, the majority attempts to factually distinguish
 
 Guiterres
 
 and
 
 Johnson
 
 from
 
 Gibson
 
 on the basis that both Guiterres and Johnson "had previously filed motions for jail-time credit and not appealed the denial of such motions." (Majority at ¶ 13.) However, my reading of
 
 Johnson
 
 and
 
 Guiterres
 
 reveals that this distinction made no difference in either case. Under the rule of law expressed in
 
 Johnson
 
 and
 
 Guiterres
 
 , a motion for additional jail-time credit fails when the moving party fails to produce evidence establishing the trial court's continuing jurisdiction.
 
 Johnson
 
 at ¶ 20-21 ;
 
 Guiterres
 
 at ¶ 16. Under R.C. 2929.19(B)(2)(g)(iii), the trial court has continuing jurisdiction of a motion for jail-time credit only when the alleged error in jail-time credit was not previously raised at sentencing.
 
 Johnson
 
 at ¶ 20-21 ;
 
 Guiterres
 
 at ¶ 16. The same rule of law applies to every motion for jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii), whether it is an initial motion or a successive motion. The fact that res judicata was asserted by the court in
 
 Guiterres
 
 as an alternative basis for denial of the successive motion for jail-time credit is irrelevant to the issue on which the state seeks certification.
 

 {¶ 25} The issue before this court is whether the rule of law adopted by the majority in
 
 Gibson
 
 conflicts with the rule of law adopted by the courts of appeal in
 
 Johnson
 
 and
 
 Guiterres
 
 . In this instance, the rule of law adopted by the majority in
 
 Gibson
 
 is that the state, not the movant, bears the burden of producing evidence that the alleged error in jail-time credit was not previously raised at sentencing. Under the rule of law adopted in
 
 Johnson
 
 and
 
 Guiterres
 
 , the movant bears the burden of producing evidence that the alleged error in jail-time credit was not previously raised at sentencing. Thus, the rule of law adopted by the majority decision in
 
 Gibson
 
 clearly conflicts with rule of law in
 
 Johnson
 
 and
 
 Guiterres
 
 .
 

 {¶ 26} For the foregoing reasons, I would grant the state's motion to certify a conflict.