[Cite as *State v. Dixon*, 2017-Ohio-7028.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-040** |
| LAWRENCE D. DIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2013 CR 000875.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Lawrence D. Dixon*, pro se, PID: A652-842, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Lawrence Dixon, appeals the trial court's denial of his motion for jail-time credit. We affirm.

{¶2} Dixon asserts two assigned errors:

{¶3} "The trial court erred when it failed to credit appellant's 118 days of pre-trial confinement against each prison term.

{¶4} "The sentence of the trial court violated Equal Protection Clauses under the state and federal constitutions."

{¶5} We do not address the merits of his arguments, however, because Dixon's arguments are barred by res judicata. *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶11.

{¶6} In 2014, Dixon pleaded guilty to four counts of receiving stolen property and one count of misusing a credit card. He was sentenced to a total of 47 months in prison and credited with 118 days of time served. He did not appeal.

{¶7} On December 12, 2016, Dixon filed his first motion for jail-time credit captioned "motion to correct mathematical calculation of already granted motion for jail-time credit pursuant to R.C. 2929.19," which was denied December 23, 2016. Dixon did not appeal.

{¶8} On December 30, 2016, Dixon filed a response to the state's motion in opposition after the trial court already denied his motion for jail-time credit. Construing his response as a motion for reconsideration, the trial court again overruled his motion on February 10, 2017. Dixon appealed the February 10, 2017 judgment on March 9, 2017.

{¶9} Although captioned differently, both Dixon's motion and his response asked the trial court for the same substantive relief, i.e., an additional 472 days of jail-time credit. Thus, the argument raised in his response was already considered and overruled by the trial court in its December 23, 2016 decision.

{¶10} Dixon had to appeal the trial court's December 23, 2016 judgment in order to properly place his arguments before us since the same point of law was already

2

raised and rejected by the trial court in this decision. Accordingly res judicata bars consideration of Dixon's assigned errors now because the issue could have been raised and considered in a direct appeal from the December 23, 2016 decision. *Guiterres*, *supra*, at ¶11-12, citing *State v. Kleiner*, 11th Dist. Geauga No. 2012-G-3077, 2012-Ohio-5933, ¶14.

{¶11} Moreover, and contrary to the caption of Dixon's first motion for jail-time credit, he was not seeking the correction of a mere clerical error, but a substantive legal determination regarding jail-time credit. *State v. Marcum,* 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶26, citing *State v. Smiley*, 10th Dist. Franklin No. 11AP-266, 2012-Ohio-4126, ¶12. Thus, res judicata applies. *Id.*

{¶12} Accordingly, Dixon's assigned errors lack merit and are overruled.

{¶13} The trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.