[Cite as *State v. Cretella*, 2018-Ohio-3245.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-T-0014** |
| - vs - | : | |
| CHRISTOPHER MARTIN CRETELLA, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00383.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Christopher Martin Cretella*, pro se, PID: A681-379, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.


{¶1} Appellant, Christopher M. Cretella, appeals the denial of his second and third motions for jail-time credit. We affirm.

{¶2} Cretella pleaded guilty to robbery and assault on an officer in November of 2015 and was sentenced to a total of four years. On July 1, 2016, Cretella filed his first motion for jail-time credit, which was overruled August 18, 2016. In May of 2017, we

affirmed that decision. *State v. Cretella,* 11th Dist. Trumbull No. 2016-T-0088, 2017-Ohio-2603.

**{¶3}** Thereafter, Cretella filed a second motion for jail-time credit on July 13, 2017 and a third on September 22, 2017, which is identical to the second. Cretella then filed a motion to proceed with judgment seeking the trial court to rule on his motions. The trial court denied his motions for jail-time credit, finding it had previously ruled on the same motion on August 18, 2016.

**{¶4}** Cretella raises two assignments of error:

**{¶5}** "[1.] The trial court denied the appellant due process by failing to reduce each stated prison term per 2929.19(B)(2)(g)(i), 2949.08(B), and 2967.191 making the judgment void pursuant to Crim.R. 32(C) by simply aggregating the jail-time credit.

**{¶6}** "[2.] The trial court violated the Defendant-Appellant's constitutional protections to equal protection by failing to reduce each statutorily imposed sentence by 100 days."

**{¶7}** In response, the state asserts that Cretella's successive motions for jail-time credit are barred by res judicata. We agree.

**{¶8}** "Pursuant to R.C. 2929.19(B)(2)(g)(iii), res judicata will not bar a motion to correct errors in jail-time credit filed after the time for appeal has passed; this, however, does not imply that res judicata is never applicable to such motions.

**{¶9}** "* * * Simply because res judicata does not operate to bar an initial, post-sentence motion for jail-time credit, does not imply the doctrine is inapplicable to *successive* motions. No injustice will result if res judicata is applied to bar appellant's second motion." (Emphasis sic.) *State v. Smith,* 11th Dist. Lake No. 2016-L-107, 2017-

2

Ohio-4124, ¶11-12; *State v. Wilson,* 8th Dist. Cuyahoga No. 105535, 2017-Ohio-8068, ¶14, *appeal not allowed,* 151 Ohio St.3d 1515, 2018-Ohio-365, 90 N.E.3d 953 (upholding trial court's decision overruling motion for jail-time credit based on res judicata); *State v. Dixon*, 11th Dist. Lake No. 2017-L-040, 2017-Ohio-7028, ¶5; *State v. Watson,* 11th Dist. Trumbull No. 2017-T-0047, 2017-Ohio-8631, ¶9.

{¶10} Because res judicata applies to successive motions for jail-time credit, Cretella's assignments of error are overruled, and the trial court's decision is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

3