SADLER, J.
*871 {¶ 1} This case arises from an appeal by defendant-appellant, Daniel R. Gibson, from a decision of the Franklin County Court of Common Pleas denying his motion to correct an alleged error in jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii). In his appeal, Gibson set forth a single assignment of error as follows:
The trial court abused its discretion and denied Daniel Gibson Due Process and Equal Protection of the law when it failed to consider the merits of his motion for jail-time credit, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and R.C. 2929.19(B)(2)(g)(iii).
{¶ 2} In State v. Gibson , 10th Dist., 2017-Ohio-7254, 96 N.E.3d 919 (" Gibson I "), this court, in a 2-to-1 decision, held that "[b]ecause Gibson's motion did state facts, amounting to an assertion that he had not previously raised in his claim regarding jail-time credit, the trial court erred in deciding that Gibson's motion was not filed pursuant to R.C. 2929.19(B)(2)(g)(iii)." Id. at ¶ 1. Accordingly, the majority in Gibson I sustained Gibson's assignment of error, reversed the judgment of the trial court, and remanded the matter for further proceedings. Id. at ¶ 15. Gibson I , therefore, stands for the proposition that a mere unsworn allegation by the movant that the alleged error in jail-time credit was not raised at sentencing is sufficient to establish the sentencing court's continuing jurisdiction.
{¶ 3} On August 28, 2017, plaintiff-appellee, State of Ohio, filed both an application to certify a conflict between the judgment in Gibson I and the judgments of the of the Fourth District Court of Appeals in State v. Johnson , 4th Dist. No. 16CA26, 2017-Ohio-4213, 2017 WL 2537581, and the Eleventh District Court of Appeals in State v. Guiterres , 11th Dist. No. 2015-T-0116, 2016-Ohio-5572, 2016 WL 4586262, and an application for en banc consideration based on a conflict between the judgment in Gibson I and the judgment of this court in State v. Smith , 10th Dist. No. 15AP-209, 2015-Ohio-4465, 2015 WL 6459961. In a 2-to-1 decision, this court denied the state's application to certify a conflict. State v. Gibson , 10th Dist., 2017-Ohio-8329, 99 N.E.3d 948.
{¶ 4} On June 5, 2018, this court issued a journal entry granting the state's August 28, 2017 application for en banc consideration on finding the judgment in Gibson I is in conflict with the judgment of this court in Smith . The issue on which the two cases are in conflict is whether a party moving the sentencing court to correct an alleged error in jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), has the burden to produce evidence with the motion to establish that the alleged error in jail-time credit was not previously raised at sentencing.
{¶ 5} The case is now before the court en banc for determination. For the reasons that follow, we vacate our decision in Gibson I , overrule Gibson's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
I. FACTS AND PROCEDURAL HISTORY
{¶ 6} On November 3, 2015, a Franklin County Grand Jury indicted Gibson for two counts of robbery, one count of kidnapping, one count of attempted rape, and one count of gross sexual imposition. On May 17, 2016, Gibson pleaded guilty to one count of fourth-degree felony aggravated *872 assault in exchange for dismissal of the other charges.
{¶ 7} The trial court held a sentencing hearing on October 25, 2016. On October 31, 2016, the trial court sentenced Gibson to 16 months in prison. In compliance with R.C. 2929.19(B)(2)(g)(i), the trial court determined Gibson had been confined for a period of 49 days arising out of the offense for which he was being sentenced and included in the sentencing entry 49 days of jail-time credit. Gibson did not file a direct appeal from his conviction and sentence.
{¶ 8} On December 15, 2016, Gibson filed a motion, pursuant to R.C. 2929.19(B)(2)(g)(iii), seeking an additional 294 days of jail-time credit. Using a fill-in-the-blank form, Gibson alleged that he discovered the trial court had failed to credit him with the additional jail time after he was "delivered into state custody" on November 4, 2016. (Dec. 15, 2016 Mot. for Jail-Time Credit at 1.) The motion set forth specific dates during which Gibson was allegedly confined arising from the offense for which he pleaded guilty but did not provide any specifics as to when he actually discovered the alleged error. Gibson did not submit a transcript of the sentencing hearing or any other evidence in support of the motion.
{¶ 9} The state opposed the motion arguing, among other things, R.C. 2929.19(B)(2)(g)(iii)"does not create continuing jurisdiction to address all claims of jail-time credit error. Rather, only purported errors 'not previously raised at sentencing' fall within a court's continuing jurisdiction. Defendant's motion fails to give any indication that the issue he now seeks to raise was 'not previously raised at sentencing.' " (Dec. 22, 2016 Memo. Contra at 7.) The state noted because the trial court included 49 days of jail-time credit in the sentencing entry, "[i]t is very likely that the court and the parties expressly discussed the amount of jail-time credit to be awarded." (Memo. Contra at 7.)
{¶ 10} On February 17, 2017, the trial court denied Gibson's motion. The trial court held that it did not have jurisdiction to hear and determine Gibson's motion because R.C. 2929.19(B)(2)(g)(iii) confers continuing jurisdiction on the sentencing court to correct only those errors in jail-time credit that were " 'not previously raised at sentencing' " and concluded that Gibson "has not alleged that any such error failed to be raised at sentencing." (Feb. 17, 2017 Decision at 2.)[1] In the alternative, the trial court determined that res judicata barred Gibson's motion.
{¶ 11} Gibson appealed to this court from the judgment of the trial court. On August 17, 2017, this court issued its 2-to-1 decision in Gibson I . In reversing the trial court judgment denying Gibson's motion for jail-time credit, the majority held that "[b]ecause the face of Gibson's motion for jail-time credit contains the assertion that he did not learn of the alleged error in jail-time credit until after sentencing, and no material in the record contradicts that assertion, it was error for the trial court to have concluded that R.C. 2929.19(B)(2)(g)(iii) was inapplicable." (Emphasis added.) Gibson I at ¶ 15. The dissenting opinion maintained the rule of law adopted by this court in Smith and by other appellate districts that had addressed *873 the continuing jurisdiction of a sentencing court under R.C. 2929.19(B)(2)(g)(iii) is that the moving party bears the burden of producing evidence with the motion to support a finding that the alleged error in jail-time credit was not previously raised at sentencing. The dissenting opinion explained that Smith required the moving party, not the state, to provide an evidentiary basis for the sentencing court to determine whether it retained jurisdiction under R.C. 2929.19(B)(2)(g)(iii). The dissent concluded "[b]ecause appellant did not file a transcript of the sentencing hearing or any other evidence establishing that the jail-time credit issue was not raised at sentencing, the trial court was without jurisdiction to consider the motion." (Emphasis added.) Gibson I at ¶ 24.
II. DECISION OF THE COURT EN BANC
{¶ 12} Our majority decision in Gibson I conflicts with our prior decision in Smith on the threshold issue of who bears the burden of demonstrating the applicability of R.C. 2929.19(B)(2)(g)(iii), and because our resolution of the conflict disposes of this appeal, we will limit our discussion to the specific issue on which the two cases conflict.
{¶ 13} R.C. 2929.19(B)(2)(g)(iii), as amended in 2012, provides, in relevant part, as follows:
The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.
(Emphasis added.)[2]
{¶ 14} Pursuant to R.C. 2929.19(B)(2)(g)(iii), it must be proven that the alleged error in jail-time credit was not previously raised at sentencing in order to establish the trial court's continuing jurisdiction. Johnson at ¶ 20, citing Smith at ¶ 10.[3] In Smith , this court addressed the movant's burden of going forward on a motion for jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), as follows:
Appellant's motion requested additional jail-time credit. He claimed a legal entitlement to certain days and not a mathematical or clerical error. As the movant, it was appellant's burden to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata. Therefore, it was appellant's burden to establish that the alleged error was not addressed at sentencing. R.C. 2929.19(B)(2)(g)(iii). Appellant failed to demonstrate that the issue was not raised at sentencing. Therefore, appellant failed to meet his burden . We cannot conclude that R.C. 2929.19(B)(2)(g)(iii) applies to appellant's motion.
(Emphasis added.) Id. at ¶ 10.
{¶ 15} The rule of law adopted by this court in Smith is that the movant, not the state, has the threshold burden to provide an evidentiary basis for the sentencing court to determine whether it retained *874 jurisdiction under R.C. 2929.19(B)(2)(g)(iii). Accordingly, Smith holds that the moving party bears the burden of producing evidence with the motion to establish the alleged error in jail-time credit was not previously raised at sentencing.
{¶ 16} Smith has been cited with approval for this proposition of law by the Fourth District Court of Appeals in Johnson and the Eleventh District Court of Appeals in Guiterres . In Johnson , the trial court determined res judicata barred defendant-appellant's motion for jail-time credit. Defendant-appellant appealed that decision to the Fourth District. The Fourth District ruled as follows:
Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing. State v. Copas , 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12. However, a defendant still has the burden of establishing that the alleged error was not previously raised at sentencing. State v. Smith , 10th Dist. Franklin Nos. 15AP-209, 15AP-214, 2015-Ohio-4465 [2015 WL 6459961], ¶ 10. The best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.
Here, Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing. Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). Accord State v. Thompson , 147 Ohio St. 3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)-(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.
(Emphasis added.) Id. at ¶¶ 20-21.
{¶ 17} In Johnson , the Fourth District determined the moving party's failure to "attach any evidence establishing that his claim was not considered by the trial court at * * * sentencing" deprived the trial court of jurisdiction of the motion. (Emphasis added.) Id. at ¶ 21. Thus, Johnson stands for the proposition that for purposes of establishing the trial court's continuing jurisdiction of jail-time credit, R.C. 2929.19(B)(2)(g)(iii) requires the movant to produce evidence with the motion establishing the alleged error in jail-time credit was not "previously raised at sentencing."
{¶ 18} Similarly, in Guiterres , the Eleventh District Court of Appeals affirmed the trial court's denial of defendant-appellant's motion for jail-time credit. The Eleventh District reached the following conclusion regarding the movant's burden of production:
[ R.C. 2929.19(B)(2)(g)(iii) ] allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit. State v. Smith , 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-4465 [2015 WL 6459961], ¶ 9. Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing . Id. at ¶ 10.
The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show *875 whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.
(Emphasis added.) Id. at ¶¶ 15-16.
{¶ 19} Pursuant to Guiterres, the initial burden of producing evidence that the alleged error in jail-time credit was not raised at sentencing is placed squarely on the movant. If the Eleventh District believed that the state had the initial burden to produce evidence that the alleged error in jail-time credit was previously raised at sentencing, the court would not have affirmed the denial of the motion on the basis that "[t]he record before this court does not have a transcript of the sentencing hearing." Id. at ¶ 16. If the burden of production was on the state, the absence of such evidence would not justify denial of the motion for jail-time credit. Accordingly, Guiterres stands for the proposition that for purposes of establishing the trial court's continuing jurisdiction of jail-time credit, R.C. 2929.19(B)(2)(g)(iii) requires the movant to produce evidence with the motion establishing the alleged error in jail-time credit was not "previously raised at sentencing."
{¶ 20} The majority in Gibson I suggested that placing the initial burden on the movant to produce evidence to support a finding that the alleged error in jail-time credit was not raised at sentencing means that the movant will be required to produce a transcript of the sentencing hearing whenever such a motion is filed. Though we agree with the Johnson court that the "best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing," there is nothing in the Smith decision, or the dissent in Gibson I , that dictates the quality or quantity of evidence that the moving party is required to produce in order to establish the sentencing court's continuing jurisdiction. Johnson at ¶ 20. That issue was not before the court in Smith because the moving party produced no evidence of any kind in support of the motion.[4]
{¶ 21} The same is true in this case as Gibson submitted no evidentiary materials of any kind in support of his R.C. 2929.19(B)(2)(g)(iii) motion for jail-time credit. Gibson relied exclusively on his unsworn personal assertion that he did not learn of the alleged error in jail-time credit until after sentencing. This court, in Smith , determined that a party moving the trial court to correct an error in jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), must submit evidence with the motion to establish the alleged error in jail-time credit was not raised at sentencing.
{¶ 22} We acknowledge there may be instances where a record itself contains evidence to support a finding that the alleged error in jail-time credit was not raised at sentencing. For example, in State v. Coyle , 2d Dist. No. 23450, 2010-Ohio-2130, 2010 WL 1931987, a case decided under prior law, the appellate court found that res judicata did not bar movant's motion for additional jail-time credit because the trial court "omitted any finding" as to the number of days of jail-time credit in its entry. Id. at ¶ 10. In the judgment of conviction and sentence in that case, there was a blank space where the court was to *876 enter the amount of time that defendant was to receive for confinement credit. Id. Thus, the judgment entry of conviction and sentence in Coyle evidenced the fact that the issue of jail-time credit was not raised at sentencing. The Second District Court of Appeals in Coyle cautioned, however, that "[h]ad the court entered '0' or 'none' before the word 'days,' then Defendant's current claim would be barred by res judicata." Id. See also State v. Smiley , 10th Dist. No. 11AP-266, 2012-Ohio-4126, 2012 WL 3939961, ¶ 13, distinguishing Coyle .
{¶ 23} By contrast, here, the trial court made a finding, pursuant to R.C. 2929.19(B)(2)(g)(i), that Gibson had been confined for a period of 49 days arising out of the offense for which he was being sentenced and included 49 days of jail-time credit in its sentencing entry. Thus, the sentencing entry in this case shows there were issues of jail-time credit raised and determined at sentencing. Gibson did not file a direct appeal. Therefore, the judgment of conviction and sentence in Gibson's case is final. We do not perceive any violation of Gibson's due process rights in requiring him to produce some evidence with his motion to correct jail-time credit to establish the sentencing court's continuing jurisdiction to alter or amend a judgment of conviction and sentence that is otherwise final.
{¶ 24} The quality and quantity of proof required to establish the trial court's continuing jurisdiction over jail-time credit depends on the particular facts and circumstances in each case, and it is the trial court that must determine, in the first instance, whether the moving party has produced evidence sufficient to support a finding that the alleged error in jail-time credit was not raised at sentencing. Consistent with Smith , we hold that a movant's unsworn allegation that the alleged error in jail-time credit was not raised at sentencing is insufficient to establish the trial court's continuing jurisdiction under R.C. 2929.19(B)(2)(g)(iii).[5]
{¶ 25} For the foregoing reasons, we conclude Smith correctly sets forth the movant's burden of going forward on a motion for jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii). Accordingly, we hold that the movant, not the state, has the threshold burden to provide an evidentiary basis for the sentencing court to determine whether it retains jurisdiction under R.C. 2929.19(B)(2)(g)(iii). Smith at ¶ 10 ; Johnson at ¶ 21 ; Guiterres at ¶ 15. It is the party moving the sentencing court to correct an error in jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), who bears the burden of producing evidence with the motion to establish the alleged error in jail-time credit was not previously raised at sentencing.
{¶ 26} Because Gibson did not produce any evidence with his motion to support a finding that the alleged error in jail-time credit was not raised at sentencing, the trial court correctly determined that it did not have jurisdiction to consider the motion. For this reason, we overrule Gibson's assignment of error.
III. CONCLUSION
{¶ 27} Having resolved the conflict between the judgment in Gibson I and Smith , we hereby vacate our judgment in Gibson I , overrule Gibson's assignment of *877 error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment vacated in Gibson I ; judgment affirmed.
BROWN, J., KLATT, P.J., and LUPER SCHUSTER, J., concur.
DORRIAN, J., concurs in judgment only.
BRUNNER, TYACK, and HORTON, JJ., dissent.
DORRIAN, J., concurring in judgment only.
{¶ 28} I concur with the majority opinion because I agree (1) the initial burden to establish continuing jurisdiction lies with the movant, and (2) appellant did not meet the burden.

In his motion, Gibson asserted merely that he "learned" an alleged error in jail-time credit had been made after he was "delivered into state custody." (Dec. 15, 2016 Mot. at 1.) That is distinctly different from alleging a particular error in jail-time credit was not previously raised at sentencing. As a result of the sentencing hearing, Gibson did receive 49 days of jail-time credit. Thus, the sentencing entry provides some evidence that jail-time credit was an issue previously raised at the sentencing hearing.

Effective October 20, 2018, the relevant language now appears in R.C. 2929.19(B)(2)(f)(ii). 2018 Am.Sub.S.B. No. 66.

Because the conflict between Smith and Gibson I concerns the trial court's continuing jurisdiction, there is no need for this court to address the trial court's alternative holding that the affirmative defense of res judicata barred Gibson's motion.

Contrary to the assertions in the dissent, Smith does not require the movant to submit a transcript of the sentencing hearing in order to establish that the alleged error in jail-time credit was not raised at sentencing.

Even if we were to conclude that Gibson's unsworn assertion that he did not learn of the alleged error in jail-time credit until after he was delivered to the institution amounts to an allegation that the alleged error in jail-time credit was not raised at sentencing, Gibson's unsworn assertion is insufficient to meet his burden in this case as it does not constitute evidence.