[Cite as *State v. Augustine* , 2019-Ohio-3867.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                   :                    No. 19AP-217
                                                                                                (C.P.C. No. 15CR-5584)
v.                                                         :
                                                                                        (ACCELERATED CALENDAR)
Dominique M. Augustine,                        :

        Defendant-Appellant.              :

---

D E C I S I O N

Rendered on September 24, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson,* for appellee.

**On brief:** *Dominique M. Augustine*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Dominique M. Augustine, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit.  For the following reasons, we affirm.

**I.  Factual and Procedural Background**

{¶ 2}  In November 2015, the Franklin County Grand Jury indicted Augustine on one count of tampering with evidence, in violation of R.C. 2921.12, a third-degree felony.  In February 2016, Augustine pleaded guilty to the offense, and the trial court sentenced him to 4 years of community control.  Augustine subsequently violated the terms of his community control.  Consequently, the trial court revoked Augustine's community control sanction and sentenced him to 36 months in prison.  The court found that Augustine had

zero days of jail-time credit and ordered the sentence to be served concurrently with sentences imposed in two other cases.  Augustine did not appeal from his sentence.

{¶ 3}  In February 2019, Augustine filed a pro se motion for jail-time credit, asserting he was entitled to 193 days of jail-time credit.  In March 2019, the trial court denied Augustine's motion.  Augustine timely appeals from this denial.

## II.  Assignment of Error

{¶ 4}  Augustine assigns the following error for our review:

> The trial court erred in denying defendant-appellant's motion for jail time credit in violation of the Fourteenth Amendment.

## III.  Discussion

{¶ 5}  Augustine's sole assignment of error alleges the trial court erred in denying his motion for jail-time credit.  This assignment of error lacks merit.

{¶ 6}  Criminal defendants have a general right to jail-time credit.  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7 ("The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence.").  (Emphasis omitted.)  R.C. 2929.19(B)(2)(h)(i)[1] provides that, when a trial court imposes a prison sentence, it must "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced."  Pursuant to R.C. 2967.191, the "department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * * as determined by the sentencing court under [R.C. 2929.19(B)(2)(h)(i)]."

{¶ 7}  Jail-time credit determinations can be challenged in a direct appeal.  *See, e.g.*, *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 11.  Additionally, the Ohio Revised Code provides a mechanism for a sentenced defendant to challenge an alleged jail-time credit error even when the error was not previously raised at sentencing or in a direct

---

[1] Prior to the enactment of 2017 Am.Sub.S.B. No. 201, effective March 22, 2019, the pertinent language of R.C. 2929.19(B)(2) quoted was set forth in R.C. 2929.19(B)(2)(g).

appeal.  Specifically, R.C. 2929.19(B)(2)(h)(iii) states that "[t]he sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(h)(i) of this section.  The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(h)(i) of this section, and the court may in its discretion grant or deny that motion."

{¶ 8}  In order to establish the trial court's continuing jurisdiction under R.C. 2929.19(B)(2)(h)(iii), the movant has the threshold burden to produce evidence with the motion showing the alleged error in jail-time credit was not previously raised at sentencing.  *State v. Gibson*, 10th Dist. No. 17AP-200, 2019-Ohio-383, ¶ 14.  In the absence of that showing, the trial court lacks jurisdiction to consider the motion.  *Id.* at ¶ 26.

{¶ 9}  Here, Augustine did not provide any evidence with his motion that would support a finding that the alleged error in jail-time credit was not raised at sentencing.  Therefore, he did not meet his burden to invoke the trial court's jurisdiction to consider the merits of his motion.  Accordingly, we overrule his sole assignment of error.

## IV.  Disposition

{¶ 10} Having overruled Augustine's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and NELSON, J., concur.

---