**[Cite as *State ex rel. Bryant v. Warden, Franklin Med. Ctr.*, 2021-Ohio-562.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Terrell Bryant, | : | |
| Petitioner, | : | No. 20AP-258 |
| v. | : | (REGULAR CALENDAR) |
| Warden, Franklin Medical Center, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on March 2, 2021

---

**On brief:** *Anzelmo Law*, and *James E. Anzelmo* for petitioner.

**On brief:** *Dave Yost*, Attorney General, and *Daniel Benoit*, for respondent.

---

IN HABEAS CORPUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Petitioner, Terrell Bryant, an inmate incarcerated at the Franklin Medical Center, commenced this original action seeking a writ of habeas corpus ordering respondent, the Warden of Franklin Medical Center, to release him from custody.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondent's Civ.R. 12(B)(6) motion to dismiss.

{¶ 3} Petitioner asserted in his petition for habeas corpus that this court's decision in *State v. Bryant*, 10th Dist. No. 19AP-241, 2020-Ohio-363, mandated an award of jail-time credit which would set his release date as May 11, 2020. Petitioner argued his

continued confinement beyond May 11, 2020 was unconstitutional. As set forth in the magistrate's findings of fact, petitioner pled guilty to various crimes before the Franklin County Court of Common Pleas in 2011 and was awarded 210 days of jail-time credit at sentencing. Since his sentencing, petitioner has filed three motions in the trial court seeking additional jail-time credit. The trial court has denied each motion. *Bryant* reversed the trial court's denial of petitioner's third motion for jail-time credit. *Bryant* did not undertake a calculation of petitioner's entitlement to jail-time credit but, rather, reversed and remanded the matter to the common pleas court "for further proceedings on the merits of [petitioner's] request for additional jail-time credit." *Id.* at ¶ 31.

{¶ 4} When the magistrate rendered his decision on July 20, 2020, the magistrate correctly observed the common pleas court had yet to rule on petitioner's third motion for jail-time credit pursuant to the remand from *Bryant*. The magistrate also correctly observed that the Supreme Court of Ohio had accepted the state's appeal from *Bryant* but had yet to issue a ruling on the merits. As such, the magistrate determined that until the common pleas court, this court, or the Supreme Court ruled on the merits of petitioner's third motion for jail-time credit, petitioner could not establish that he had been held beyond his maximum sentence or unlawfully restrained.

{¶ 5} Petitioner has filed an objection to the magistrate's decision. Petitioner asserts that *Bryant* "recognized a scenario in which [petitioner] would be entitled to 539 days of jail time credit," and that "under that calculation, he should have been released on May 11, 2020." (Obj. at 5.) Petitioner argues the magistrate erred by failing to accept as true petitioner's contention that *Bryant* awarded him 539 days of jail-time credit.

{¶ 6} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996). "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10, citing *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, ¶ 8. *See Steele v. Harris*, ___ Ohio St.3d ___, 2020-Ohio-5480, ¶ 13, citing *Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998)

(stating that "[h]abeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully").

{¶ 7} A court may dismiss a petition for a writ of habeas corpus pursuant to Civ.R. 12(B)(6) "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that [the petitioner] could prove no set of facts entitling [them] to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, ¶ 10. When ruling on a Civ.R. 12(B)(6) motion to dismiss, "a court is ' "not bound to accept as true a legal conclusion couched as a factual allegation." ' " *Gordon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. 17AP-792, 2018-Ohio-2272, ¶ 14, quoting *Carasalina, LLC v. Smith Phillips & Assocs.*, 10th Dist. No. 13AP-1027, 2014-Ohio-2423, ¶ 14, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *See also Haas v. Village of Stryker*, 6th Dist. No. WM-12-004, 2013-Ohio-2476, ¶ 10 (stating that "[o]nly factual allegations are presumed to be true and only claims supported by factual allegations can avoid dismissal").

{¶ 8} Petitioner's contention that *Bryant* awarded him 539 days of jail-time credit is a legal conclusion not a factual allegation. However, *Bryant* did not award petitioner additional jail-time credit or alter his release date, as *Bryant* simply reversed and remanded the matter to the trial court for further proceedings on petitioner's third motion for jail-time credit. We take notice of the fact that the trial court has now acted pursuant to the remand from *Bryant*. On December 8, 2020, the common pleas court issued an entry denying petitioner's third motion for jail-time credit. Additionally, on August 5, 2020, the Supreme Court sua sponte dismissed the state's appeal from *Bryant*. *State v. Bryant*, 159 Ohio St.3d 1467, 2020-Ohio-3884. Accordingly, petitioner's maximum sentence has not yet expired and petitioner has not been unlawfully restrained. Construing all factual allegations in the petition as true, petitioner cannot establish a set of facts demonstrating he is entitled to a writ of habeas corpus.

{¶ 9} On review of the magistrate's decision and independent review of the record, we find the magistrate properly determined the facts and applied the appropriate law. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, but modify that decision to reflect that the Supreme Court has dismissed the state's appeal from *Bryant* and the common pleas court has denied petitioner's third motion for jail-time credit. Consequently, we overrule petitioner's

objection to the magistrate's decision, adopt the magistrate's decision as modified, and grant respondent's motion to dismiss.

*Objection overruled;*
*motion to dismiss granted; action dismissed.*

KLATT and SADLER, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Terrell Bryant, | : | |
| Petitioner, | : | |
| v. | : | No.  20AP-258 |
| Warden, Franklin Medical Center, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## MAGISTRATE'S DECISION

### Rendered on July 20, 2020

*Anzelmo Law,* and *James A. Anzelmo,* for petitioner.

*Dave Yost,* Attorney General, and *Daniel  J. Benoit,* for respondent.

### IN HABEAS CORPUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 10} Petitioner, Terrell Bryant, filed a petition seeking a writ of habeas corpus ordering respondent, the Warden of Franklin Medical Center, to release petitioner from custody because petitioner has completed his sentence.  Petitioner asserts that this court's decision in a related case, *State v. Bryant,* 10th Dist. No. 19AP-241, 2020-Ohio-363, mandates an award of jail-time credit that would set petitioner's release date as May 11, 2020.

Findings of Fact:

{¶ 11} 1.  Petitioner filed his initial petition in this court for a writ of habeas corpus on May 11, 2020.

{¶ 12}  2.  Petitioner filed his amended petition on June 2, 2020.

{¶ 13}  3.  Respondent filed a motion to dismiss based upon procedural deficiencies and failure to state a claim on June 15, 2020.

{¶ 14}  4.  Petitioner, now represented by counsel, filed a second amended petition on June 28, 2020 accompanied by a motion for leave.  The second amended petition sought to correct procedural deficiencies in the first two petitions, notably (1) petitioner's failure to comply with the requirements of R.C. 2969.25(C) requiring inmates to provide inmate account statements for the preceding six months, and (2) a statement of other civil actions filed by petitioner in the past five years as required by R.C. 2969.25(A).  The magistrate has not, until now, ruled on petitioner's motion for leave to file a second amended petition.

{¶ 15}  5.  On May 20, 2020, the magistrate entered an order indicating the matter would be sua sponte dismissed if petitioner did not file his affidavit of indigency or pay the clerk's filing fee.

{¶ 16}  6.  Petitioner filed his affidavit of indigency on May 21, 2020, and again with his motion for leave on June 24, 2020.

{¶ 17}  7. Respondent filed a renewed motion to dismiss on July 10, 2020.

{¶ 18}  8.  All versions of the petition aver that petitioner is an inmate held by the Ohio Department of Rehabilitation and Correction ("ODRC") at the Franklin Medical Center in Franklin County, Ohio, and that respondent is an employee of ODRC and petitioner's immediate custodian.

{¶ 19}  9. Petitioner's petition further avers that after pleading guilty to various crimes before the Franklin County Court of Common Pleas, petitioner was awarded 210 days of jail-time credit at sentencing.  In 2013, petitioner moved in the Franklin County Court of Common Pleas for an additional 465 days jail-time credit; the motion was denied without subsequent appeal.

{¶ 20}  10. Petitioner's petition further avers that on August 17, 2018, petitioner again moved the trial court for an additional 332 days of jail-time credit, citing R.C. 2929.19, as amended in 2012, as giving the trial court continuing jurisdiction to address the question.  The trial court again denied petitioner's motion; petitioner appealed to this court, but then dismissed his appeal.

{¶ 21}  11.  On March 6, 2019, petitioner filed the operative motion in the present case again seeking jail-time credit from the Franklin County Court of Common Pleas in the

amount of an additional 332 days under R.C. 2929.19(B)(2)(h). The state opposed additional jail-time credit on res judicata grounds, which the trial court accepted.

{¶ 22} 12. Petitioner appealed to this court, leading to the decision in *Bryant*, relied upon by petitioner in this action.

{¶ 23} 13. The Franklin County Court of Common Pleas has yet to rule on the matter after remand by this court in *Bryant*.

{¶ 24} 14. On June 9, 2020, the Supreme Court of Ohio accepted the state's appeal from this court's decision in *Bryant*. *State v. Bryant*,      Ohio St.3d    , 2020-Ohio-3174 (appeal accepted for review).

Discussion and Conclusions of Law:

{¶ 25} This court has territorial and subject-matter jurisdiction over this petition for habeas corpus pursuant to R.C. 2725.02 and 2725.03, and Ohio Constitution, Article IV, Section 3(B)(2).

{¶ 26} The magistrate grants petitioner's motion to file a second amended petition. The magistrate therefore finds no basis to grant respondent's motion to dismiss the petition to the extent that it is based on petitioner's failure to comply with procedural requirements under R.C. 2969.25(A) and (C). In addition, counsel's latest filings on behalf of petitioner have supplied pertinent commitment entries and judgments of conviction as required by R.C. 2725.04(D).

{¶ 27} For the reasons that follow, however, the magistrate grants respondent's motion to dismiss the second amended petition for failure to state a claim.

{¶ 28} The writ of habeas corpus, an ancient remedy in the common law, in Ohio is defined and governed by statute under R.C. 2725.01. It is an extraordinary remedy, appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185 (1995). Otherwise put, a "writ of habeas corpus lies in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996). The burden rests on the petitioner to show illegal detention and a right to immediate release. *Halleck v. Koloski*, 4 Ohio St.2d 76 (1965).

{¶ 29} Civ.R. 12(B)(6) is an appropriate vehicle to dismiss petitions for habeas corpus, if, presuming all factual allegations made in the petition are true and all reasonable inferences are made in favor of the petitioner, it is apparent beyond a reasonable doubt that

the petitioner can prove no set of facts entitling the petitioner to a writ. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, ¶ 10.

{¶ 30} Petitioner is not entitled to a writ ordering his release because petitioner's entitlement to jail-time credit has neither been settled by this court in *Bryant*, nor ultimately determined by the Supreme Court of Ohio in a subsequent appeal from this court's decision in *Bryant*, nor resolved upon remand by the Franklin County Court of Common Pleas. The question of whether petitioner has been "unlawfully restrained of his liberty," R.C. 2725.01, cannot be determined until petitioner's motion for jail-time credit is finally adjudicated.

{¶ 31} This court's decision in *Bryant* did reverse the trial court's determination that petitioner's claim for jail-time credit was barred by res judicata. *Bryant* determined that 2012 amendments to R.C. 2929.19 gave the trial court "continuing jurisdiction to correct any error not previously raised at sentencing in making a determination" regarding jail-time credit. *Bryant* at ¶ 18, quoting R.C. 2929.19(B)(2)(h)(iii).[1] When addressing the merits of petitioner's calculation of jail-time credit, the lead opinion noted that a defendant is not entitled to jail-time credit for time held both on the case in question and an unrelated case. *Bryant* at ¶ 27, citing *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, syllabus. While *Bryant* concludes that petitioner's computations, on their face, supported an award of at least some additional jail-time credit, and that the state had presented no evidence to contradict petitioner's figures, *Bryant* did not undertake a conclusive calculation of petitioner's entitlement to jail-time credit. *Bryant* at ¶ 29 (lead opinion); *Bryant* at ¶ 32 (Nelson, J., concurring in judgment only).

{¶ 32} This court's decision in *Bryant*, therefore, does not mandate that petitioner receive the requested number of jail-time credit days that would establish his release date as May 11, 2020. The decision mandates the trial court consider the evidence submitted by petitioner on remand and make such calculation. The trial court has yet to do so. Until such time as the Franklin County Court of Common Pleas, this court, or the Supreme Court rules on the merits of petitioner's R.C. 2929.19(B)(2)(h) motion, petitioner cannot establish that he has been held beyond his maximum sentence and cannot establish under R.C.

---

[1] Because of difficulties harmonizing changes made by 2018 S.B. No. 201 and 2018 S.B. No. 66, some code compilations place this section at R.C. 2929.19(B)(2)(g)(iii). The version cited in *Bryant* is found in Page's Ohio Revised Code, Vol. 27 (2019 Ed.) and ORC 2929.19 LEXIS.

2725.01 that he is entitled to a writ of habeas corpus because he has been unlawfully restrained of his liberty.

{¶ 33} It is therefore the magistrate's decision that this court grant respondent's motion to dismiss the petition and thereby deny petitioner's petition for a writ of habeas corpus.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).