[Cite as *State v. Johnson*, 2021-Ohio-1629.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

STATE OF OHIO,                 :

    Appellee,                :         CASE NO. CA2020-06-008

                        :          O P I N I O N
  - vs -                           5/10/2021

                        :

RONALD G. JOHNSON,       :

    Appellant.           :

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20040196

Jess C. Weade, Fayette County Prosecuting Attorney, 110 East Court Street, 1st Floor, Washington Court House, Ohio 43160, for appellee

Ronald G. Johnson, #A518770, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505, pro se

**BYRNE, J.**

{¶1} Appellant, Ronald G. Johnson, appeals a decision of the Fayette County Court of Common Pleas denying his motion for additional jail-time credit. Appellee, the state of Ohio, elected not to file an appellate brief. As a result, we may accept Johnson's statement of facts and issues as correct pursuant to App.R. 18(C). For the reasons set forth below, we affirm the decision of the trial court.

## I. Facts and Procedural History

{¶2} On July 18, 2005, Johnson was indicted in Fayette County for receiving stolen property, failing to comply, and obstructing official business. The charges of the indictment stemmed from a multi-county crime spree Johnson engaged in on July 10, 2005 in Fayette, Highland, and Adams Counties. Officers arrested Johnson on July 11, 2005, and he was booked into the Fayette County Jail the same day. The following day, July 12, 2005, Johnson was transferred to the Ohio Department of Rehabilitation and Corrections' Correctional Reception Center in Orient, Ohio.

{¶3} On March 28, 2006, Johnson pleaded guilty to the counts of the Fayette County indictment and was sentenced to an aggregate prison term of three years, to be served consecutively to the term of incarceration he was already serving at that time arising out of a different case. The trial court also applied two days of jail-time credit to Johnson's sentence.

{¶4} In July 2011, Johnson moved the trial court for a correction of his jail-time credit. In his motion, Johnson argued the trial court miscalculated his jail-time credit, and that he was entitled to a total of 261 days of jail-time credit, rather than the two days of jail-time credit he actually received, because he allegedly remained incarcerated while awaiting trial in this case during that period. The trial court denied Johnson's motion. In so doing, the trial court stated the following:

> The [c]ourt has reviewed the records from the Fayette County Jail and finds that the defendant was incarcerated in the jail from July 11, 2005 to July 12, 2005. Defendant was correctly credited with two (2) days in his sentencing entry. The [c]ourt further finds the defendant IS NOT entitled to any other credit from this [c]ourt.

Johnson did not appeal the trial court's decision.

{¶5} On October 24, 2012—over a year after filing his first motion for jail-time

credit—Johnson filed a "Declaratory Judgment Motion to Conform Consecutive Definite Sentence to Indefinite Sentence and to Apply the Time Spent in Confinement Awaiting Trial to Sentence," wherein he again alleged he was entitled to 261 days of jail-time credit.

{¶6} One week later, on October 31, 2012, Johnson moved the trial court to review the facts surrounding his time in confinement prior to trial and to recalculate his jail-time credit. In his motion, Johnson argued he was entitled to credit for the period between July 11, 2005 and March 28, 2006, or 261 days.

{¶7} The state opposed both of Johnson's October 2012 motions. In its opposition, the state argued the trial court should deny Johnson's jail-time credit request because the trial court had already determined Johnson was not entitled to any additional jail-time credit, and Johnson failed to appeal that determination. The state further argued Johnson was not being held on the Fayette County charges while awaiting trial in this case, and therefore, his motion should be denied.

{¶8} On November 20, 2012, the trial court overruled Johnson's renewed request for jail-time credit filed on October 31. Johnson did not appeal the trial court's decision. The trial court did not render a decision on Johnson's October 24 declaratory judgment motion.

{¶9} More than seven and one-half years later, on June 4, 2020, Johnson filed yet another motion requesting that the trial court correct his jail-time credit—his fourth motion of this type. In his motion, Johnson argued he was entitled to 212 days of jail-time credit for the days he allegedly spent confined awaiting trial on the charges of the indictment in this case. According to Johnson, his 212-day calculation accounted for the time he was

incarcerated between July 12, 2005 and March 28, 2006.[1] In support of his motion, Johnson attached an unauthenticated letter from Lori Heiss, a correction records sentence computation auditor with the Bureau of Sentence Computation, and the affidavit of Carla Black, a correction records sentence computation auditor and supervisor with the Bureau of Sentence Computation. Both documents detailed the sentence computation for Johnson.

{¶10} Five days later, on June 9, 2020, the trial court denied Johnson's motion. In its judgment entry, the trial court stated, in relevant part, "[a]fter reviewing the jail record, the [c]ourt finds that the defendant was correctly given two (2) days jail time credit in the sentencing entry dated April 17, 2006. The [c]ourt further finds that the defendant IS NOT entitled to any other credit from this [c]ourt."

## II. The Appeal

{¶11} Johnson now appeals, raising the following assignment of error:

{¶12} TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO GRANT THE JAIL-TIME CREDIT OF 212-DAYS SPENT CONFINED AWAITING TRIAL, BEING CONFINED IN STATE PRISON AS AN (sic) "COUNTY JAIL PAROLEE."[2]

{¶13} In his sole assignment of error, Johnson argues the trial court erred in failing to award him 212 days of jail-time credit. He contends the trial court's failure to appropriately credit him for the time he spent in jail violates R.C. 2967.1919, 2929.19, and 2949.08. Johnson also argues the trial court committed plain error in failing to consider the documents attached to his motion. After a review of the record, we disagree with Johnson's

---

1. Johnson's fourth motion requested 212 days as opposed to the 261 days requested in his three prior jail-time credit motions. This appears to be a miscalculation by Johnson, as in all four of his motions for jail-time credit Johnson seems to have sought credit for the days he was confined between July 12, 2005 and March 28, 2006.

2. Johnson's notice of appeal also purported to include a motion for reconsideration of his jail-time credit correction motion. The trial court record in this appeal terminates with the filing of the Notice of Appeal on June 17, 2020.

arguments.

### A. Continuing Jurisdiction Pursuant to R.C. 2929.19(B)(2)(g)(iii)

{¶14} "The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by a prisoner who is unable to make bail because of indigency must be credited to his sentence." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. The Ohio legislature codified this principle in R.C. 2967.191. That statute states that "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]" R.C. 2967.191. "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required," it has the duty to "[d]etermine, notify the offender of, and include in the sentencing entry" the number of days of jail-time credit by which the department of rehabilitation and correction must reduce the stated prison term under R.C. 2967.191. R.C. 2929.19(B)(2)(g)(i).[3]

{¶15} Alleged errors regarding an award of jail-time credit may be raised in a defendant's "direct appeal of his criminal conviction, or in a postsentence motion to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii)." (citation omitted.) *State ex rel. Sands v. Culotta*, Slip Opinion No. 2021-Ohio-1137, ¶ 12. Pursuant to R.C. 2929.19(B)(2)(g)(iii):

> [t]he sentencing court retains continuing jurisdiction to correct *any error not previously raised at sentencing* in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)] and the court may in its discretion grant or deny that motion. (emphasis added.)

---

3. Because of difficulties harmonizing changes made by 2018 Am.Sub.S.B. No. 201 and 2018 Am.Sub.S.B. No. 66, some code compilations instead place the language in R.C. 2929.19(B)(2)(g) at R.C. 2929.19(B)(2)(h). *See State ex rel. Bryant v. Warden*, 10th Dist. Franklin No. 20AP-258, 2021-Ohio-562, fn.1. We will cite to R.C. 2929.19(B)(2)(g).

Because the statute only grants a trial court with continuing jurisdiction to correct a jail-time credit error *if* the error alleged in the postsentence motion was "not previously raised at sentencing," a trial court cannot consider a motion for additional credit if the error was raised and considered at the time of sentencing. *See* R.C. 2929.19(B)(2)(g)(iii); *see also State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-4465, ¶ 8-9.

{¶16} In order to establish the trial court's continuing jurisdiction under R.C. 2929.19(B)(2)(g)(iii), the movant has the threshold burden to produce evidence with his motion showing the alleged error in jail-time credit was not previously raised at sentencing. *Smith* at ¶ 10 ("it was appellant's burden to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies * * * [and] to establish that the alleged error was not addressed at sentencing"); *State v. Johnson*, 4th Dist. Highland No. 16CA26, 2017-Ohio-4213, ¶ 20-22 (explaining the movant's burden of establishing that the alleged error was not previously raised at sentencing, and modifying judgment to reflect that jail-time credit motion should have been dismissed for lack of jurisdiction "[b]ecause [the movant] failed to establish that the alleged error was not previously raised at sentencing"); *State v. Colbert*, 1st Dist. Hamilton No. C-160866, 2017-Ohio-8559, ¶ 7-8 (finding the movant failed to invoke the jurisdiction under R.C. 2929.19[B][2][g][iii] where he did not demonstrate the error had not been raised at sentencing, and because the trial court did not have jurisdiction, the movant's motion was subject to dismissal); *State v. Gibson*, 10th Dist. Franklin No. 17AP-200, 2019-Ohio-383, ¶ 14, 26 (affirming the trial court's denial of a motion for jail-time credit because the movant did not produce evidence to support a finding that the alleged error was not raised at sentencing); *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶ 15-17 (affirming trial court's denial of the movant's motion for jail-time credit where the movant failed to establish the error was not raised at sentencing, thereby precluding its consideration in a postconviction motion).

{¶17} Therefore, the trial court's jurisdiction to correct any error in Johnson's jail-time credit award was contingent upon Johnson's ability to demonstrate that the error was not raised during his sentencing hearing. According to the Fourth District, "[t]he best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing." *Johnson* at ¶ 20. The record reflects Johnson failed to provide the trial court with any evidence that the purported jail-time credit error that Johnson now raises was not raised at sentencing. The record is devoid of any evidence as to what occurred or was discussed at his March 2006 sentencing hearing, and Johnson failed to provide a transcript of the sentencing proceedings. Johnson has also failed to even allege that the purported jail-time credit error was not raised at his sentencing hearing. In fact, Johnson's only reference to this requirement is a recitation of the general rule, as stated in *State v. Thompson,* 147 Ohio St. 3d, 2016-Ohio-2769, that "the trial court retains sole jurisdiction to correct any error in jail time (sic) credit not previously raised at sentencing." Mere recitation of the applicable law does not amount to evidence that the error was not raised at sentencing.

{¶18} Based upon the status of the record, Johnson has not and cannot show that the question of whether his days incarcerated between July 12, 2005 and March 28, 2006 should be applied to his jail-time credit was raised and considered at his sentencing hearing. Consequently, Johnson has failed to demonstrate that his claim was "not previously raised at sentencing" such that the trial court had any authority or jurisdiction pursuant to R.C. 2929.19(B)(2)(g)(iii) to correct the alleged error. The trial court "cannot be said to have erred in declining to afford [Johnson] the relief sought * * * when he failed to invoke the jurisdiction under R.C. 2929.19(B)(2)(g)(iii) to correct jail-time credit." *Colbert* at ¶ 8. Accordingly, because the trial court had no jurisdiction to grant the relief requested by Johnson, the June 4, 2020 motion for jail-time credit should have been dismissed. We will

therefore modify the trial court's June 9, 2020 judgment entry from which Johnson appealed to reflect the dismissal of the motion, and affirm the judgment as modified.

### B. Jail-Time Credit and the Doctrine of Res Judicata

{¶19} In the alternative, even if Johnson had demonstrated that the purported jail-time credit error he now raises was not raised at sentencing, Johnson's request for 212 days of jail-time credit would be barred by res judicata.

{¶20} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Brown*, 12th Dist. Preble No. CA2017-09-010, 2018-Ohio-3338, ¶ 17. "The purpose of the doctrine of res judicata is to prevent repeated attacks on a final judgment." *Mootispaw v. Doe*, 12th Dist. Fayette No. CA95-03-009, 1995 Ohio App LEXIS 4636, *3 (Oct. 23, 1995).

{¶21} R.C. 2929.19(B)(2)(g)(iii) specifically allows an offender to challenge the trial court's determination of jail-time credit in a postsentence motion to correct jail-time credit, so a defendant is "no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion." *State v. Krupansky*, 5th Dist. Ashland No. 19-COA-024, 2020 Ohio App. LEXIS 700, *5 (Feb. 27, 2020); *State v. Myers*, 10th Dist. Franklin Nos. 20AP-59 and 20AP-60, 2021-Ohio-1037, ¶ 20.

{¶22} However, "[s]imply because res judicata does not operate to bar an initial, post-sentence (sic) motion for jail-time credit, does not imply the doctrine is inapplicable to *successive* motions." (Emphasis sic.) *State v. Wilson*, 8th Dist. Cuyahoga No. 105535, 2017-Ohio-8068, ¶ 13, citing *State v. Smith*, 11th Dist. Lake No. 2016-L-107, 2017-Ohio-

4124, ¶ 12. Res judicata is regularly applied to successive motions for jail-time credit. *See Myers*, 2021-Ohio-1037 at ¶ 21-22, citing *State v. Cretella*, 11th Dist. Trumbull No. 2018-T-0014, 2018-Ohio-3245, ¶ 10 (finding res judicata barred second and third motions for jail-time credit); *State v. Tapp*, 8th Dist. Cuyahoga No. 106904, 2018-Ohio-4120, ¶ 14 ("res judicata bars a defendant's attempted use of a second motion to correct jail-time credit as a substitute for a timely appeal"); *Guiterres*, 2016-Ohio-5572 at ¶ 11-12 (holding res judicata applies where the defendant has filed multiple postconviction motions for additional jail-time credit, and the defendant appeals from the denial of the second motion); *Smith* at ¶ 12 ("No injustice will result if res judicata is applied to bar appellant's second motion" for jail-time credit where appellant failed to appeal the trial court's denial of his first motion).

{¶23} As explained above, Johnson has filed three previous motions requesting jail-time credit for the same period of days at issue in his June 2020 motion. Two of those motions were explicitly denied by the trial court and Johnson failed to appeal. Because Johnson did not directly appeal the trial court's denial of his previous motions for jail-time credit, and res judicata bars successive motions for jail-time credit, his subsequent raising of the same alleged error in his June 2020 motion would be barred by res judicata even if the trial court had jurisdiction to hear that motion under R.C. 2929.19(B)(2)(g)(iii).

### III. Conclusion

{¶24} For the foregoing reasons, the trial court's June 9, 2020 judgment entry is modified to reflect the dismissal of the June 4, 2020 motion for lack of jurisdiction, and we affirm the judgment as modified.

{¶25} Judgment affirmed as modified.

PIPER, P.J., and S. POWELL, J., concur.